(113 So. 621)

In re OPINIONS OF THE JUSTICES.

In re COMPUTATION OF LEGISLATIVE DAYS.

(No. 7.)

Supreme Court of Alabama.   July 21, 1927.

*(Syllabus by the Court.)*

1. States ⊂⊃32—In absence of joint or concurrent adjournment over, either house of Legislature may be in lawful session any day within constitutional limitation, though other house has adjourned over (Const. 1901, §§ 48, 58).

Where there has been no adjournment over by joint or concurrent action of both houses of the Legislature, either house may be in lawful session on any day within the period of constitutional limitation and may transact all legislative business properly brought before it, even though the other house be not in session and in fact have adjourned over.

2. States ⊂⊃32—Lawful session by either house, though other house does not sit, makes legislative day for both, to be deducted from 50 days allowed by Constitution (Const. 1901, §§ 48, 58).

A lawful session by either house, the other house not sitting, makes a legislative day for both houses, to be deducted from the 50 days allowed by the Constitution.

Response of the Justices of the Supreme Court to questions of the Governor, under Code 1923, §§ 10290, 10291, as to computa-

tion of legislative days of the Senate and House of Representatives.

State of Alabama, Executive Department.

July 20, 1927.

To the Hon. John C. Anderson, Chief Justice, and Hon. A. D. Sayre, Ormond Somerville, Lucien D. Gardner, Wm. H. Thomas, Virgil Bouldin, and Joel B. Brown, Associate Justices of the Supreme Court of Alabama—Gentlemen: As Governor of the state of Alabama and under and by virtue of the provisions of sections 10290, 10291, Code of Alabama of 1923, I respectfully request the Justices of the Supreme Court to render a written opinion upon the following questions, the facts being as follows:

On Tuesday, July 12, 1927, which was the thirtieth (30th) legislative day of both the Senate and the House of Representatives, the Senate adjourned until Wednesday, July 13th, and held a session on that day. On Tuesday, July 12th, the House of Representatives adjourned until Thursday, July 14th, without joint action of both the House and Senate. The journal of both the Senate and the House shows that both of these bodies were in session on Thursday, July 14th, and Friday, July 15th, and again in session on Tuesday, July 19th.

In view of the above facts, as Governor, I request your written opinion in answer to the following specific questions:

First.   What is a legislative day of the Senate?

Second.   What is the legislative day of the House?

Third.   Was the day on which the Senate was in session and the House not in session a legislative day?

Fourth.   If there is one legislative day for the Senate and a different legislative day for the House, how may the House and Senate reach the same legislative day on the same calendar day in a constitutional manner?

Respectfully submitted,

Bibb Graves, Governor of Alabama.

The State of Alabama, Judicial Department.

To His Excellency, Bibb Graves, Governor of Alabama—Dear Sir: Replying to your inquiry of July 20th, hereto prefixed, we beg to advise as follows:

[1] Section 48 of article IV of the Constitution of Alabama provides that "The Legislature shall meet quadrennially at the capitol, * * * on the second Tuesday in January next succeeding their election, or on such other day as may be prescribed by law; and shall not remain in session longer than 60 days at the first session held under the Constitution, nor longer than fifty days at any subsequent session." Section 58, following, provides that "neither house shall, without consent of the other, adjourn for more than three days, nor to any other place than

---

that in which they may be sitting, except as otherwise provided in this Constitution."

Under section 48 it seems clear that when a session of the Legislature is begun, it must proceed continuously for 50 days, not counting Sundays, unless by the joint or concurring action of both houses adjournments over should be declared. Moog v. Randolph, 77 Ala. 597, 608. By such joint or concurring action the session may be extended until the time appointed by law for the meeting of the next Legislature, so long as 50 working days have not been used in actual session. Cushing's Law and Practice of Legislative Assemblies, p. 206, §§ 509-515.

It is clear, also, that on any day within the period of constitutional limitation, over which there has been no adjournment by the joint or concurring action of both houses, either house may be in lawful session, and may transact all legislative business properly brought before it, even though the other house chooses not to be in session, and has in fact adjourned over. Cushing's Law and Practice of Legislative Assemblies, p. 206, § 511; State ex rel. Adams v. Hillyer, 2 Kan. 17, 28.

[2] In such a case, a session by either house—the other house not sitting—makes a legislative day, to be deducted from the 50 days allowed by the Constitution. This conclusion seems obvious, and is not impugned, but rather confirmed, by section 58 of the Constitution, supra, which permits either house to separately suspend its own labors by its own *separate* adjournment for a period of three days, without the consent of the other house.

Answering your questions in detail, we advise:

First. Tuesday, July 19th, was the Thirty-Fourth legislative day of the Senate.

Second. Tuesday, July 19th, was the Thirty-Fourth legislative day of the House.

Third. Wednesday, July 13th, on which the Senate was in session, though the House was not, was a legislative day for the Legislature as a whole.

Fourth. There can be no legislative days separately and distinctively for the Senate and for the House. Each day used by either Senate or House, not previously excluded by joint or concurrent action, is a legislative day for both.

Respectfully,

JOHN C. ANDERSON,
Chief Justice,
ORMOND SOMERVILLE,
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
JOEL B. BROWN,
Associate Justices.