(132 So. 311)

## In re OPINIONS OF THE JUSTICES.

## In re REGULAR AND EXTRA SESSIONS OF LEGISLATURE.

### No. 10.

Supreme Court of Alabama.
Jan. 30, 1931.

House Joint Resolution.

Be it resolved by the House of Representatives, the Senate concurring, that:

Whereas, the important business to be transacted by the Legislature may make it necessary or expedient that before being in session fifty (50) legislative days, it take a recess to meet again at a fixed date to be hereafter determined to complete its regular session, and

Whereas, pending the recess of the Legislature and prior to its reconvening on the fixed date to which the recess is taken, the financial condition of the state may be such that the Governor should call the Legislature into

special session for the purpose of submitting to the qualified electors of the state an amendment to the Constitution, authorizing a bonded debt to pay the outstanding indebtedness of the State or other constitutional amendment to provide for payment of the outstanding indebtedness of the state, and/or a bonded debt to provide further for the construction and maintenance of public roads in the state:

Now, therefore, be it resolved that the Supreme Court of Alabama is hereby requested by the Legislature of Alabama to give the Legislature an advisory opinion with respect to the following questions:

Is it legal, under the provisions of the Constitution, for the Governor to call the Legislature into special session while the Legislature is in recess pending reconvening, and can the Legislature, if so called into session, submit to the qualified electors of the state proposed amendments to the Constitution; and could an election on such proposed amendments be held upon a date not less than three months after the final adjournment of the special session of the Legislature so called by the Governor, and before the final adjournment of the adjourned session so provided for; and would the Legislature still have the remaining days of the constitutional fifty (50) days provided for by the Constitution, or would the legislative days of the special session be counted as part of said fifty (50) days?

Adopted January 29, 1931.

To the Legislature of Alabama:

Replying to your joint resolution of January 29, 1931, which is directed to the Supreme Court, and which should more properly be directed to the Justices of the Supreme Court, see section 10290 of the Code of 1923, but which irregularity we will waive, and proceed to answer your inquiries as justices and not as a court.

■ Section 48 of the Constitution provides for the regular term or session of the Legislature, and fixes the time for convening, but does not prohibit a recess for any particular period, except there should of course be a final adjournment before the commencement of another regular term. In re Opinions of the Justices, 216 Ala. 545, 113 So. 621.

Section 122 of the Constitution authorizes the Governor to convene the Legislature into an extra or special term, and section 76 prescribes the order of business and certain limitations on the Legislature during said special session and also limits the period of said special session. Therefore, should there be a lengthy recess of the regular term and an emergency or necessity should arise, there is no reason why the Governor cannot convene the Legislature into a special session during the recess of said regular term.

■ Section 284 of the Constitution authorizes the Legislature to propose amendments to the Constitution, and we think this can be done either during the regular or a special session. Indeed, we have precedents for the proposal of amendments by special sessions and which said amendments have become a part of our organic law.

■ As the Constitution fixes the regular term as well as special sessions and limits each, they should be treated as separate and independent of each other, and the time consumed by the special session cannot be deducted from that of the regular term or session.

■ We also think that an election can be held under section 284 on an amendment three months after the final adjournment of the session at which it was proposed whether it be the regular or special session.

Signed, this the 30th day of January, 1931.
> JNO. C. ANDERSON,
> Chief Justice.
> LUCIEN D. GARDNER,
> WILLIAM H. THOMAS,
> VIRGIL BOULDIN,
> A. B. FOSTER,
> Associate Justices.

I am not of opinion that an "extraordinary occasion" for a special session of the Legislature, within the meaning of section 122 of the Constitution, can arise or exist, after the Legislature meets in regular session under the provisions of section 48 of the Constitution, so long as its powers to legislate in regular session exist. I am of the opinion that to sandwich a special session between its sitting in regular sessions, during temporary recess, violates the spirit of section 48, which limits the regular session to fifty legislative days.

If the Legislature can meet in regular session under section 48 and adjourn temporarily, and this authorizes the calling of one extraordinary session, then any number of extra sessions may be called, during the temporary recess, and by the concurrence of the Governor and the Legislature it may remain in session for the entire four years, and until it is dissolved by operation of law.

No such consequences were contemplated by the framers of the Constitution.
> JOEL B. BROWN
> Associate Justice.