171 So. 902

## In re OPINIONS OF THE JUSTICES.
## No. 41.

Supreme Court of Alabama.
Nov. 30, 1936.

determine the existence of an "extraordinary occasion" for such session. The session is convened by proclamation. The Governor "shall state specifically in such proclamation each matter concerning which the action of that body is deemed necessary." Section 76 of the Constitution ordains: "When the legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the governor calling such session, except by a vote of two-thirds of each house."

Under the Constitution of 1875, art. 4, § 37, as in many states, the Legislature, at such session, could not legislate upon subjects other than those designated in the Governor's proclamation.

The general purpose of section 76 as now written is to have the Legislature deal primarily with the subjects of legislation for which it is convened, without entirely excluding other legislation enacted by a two-thirds vote of each House.

· Your inquiry calls for a consideration of what are the subjects of legislation designated in the Governor's proclamation within the meaning of these constitutional provisions.

Section 76 is to be construed in connection with other provisions dealing with the division of the powers of government. All legislative power is vested in the Legislature. This is of the genius of our institution.

On reason and authority found in the decisions of sister states, we are of the opinion that section 76, while giving the Governor a rather free hand in defining the special subjects of legislation to be considered at a special session, does not contemplate any restriction on the legislative power to shape the laws, prescribe the details of legislation on the subjects designated.

Paragraph 6 of the Governor's proclamation, designating the subjects of legislation, reads: "6. To regulate the manufacture and sale of spirituous, vinous or malt beverages through State owned and operated stores or other State supervision, and to provide for a referendum thereon to the electors of Alabama."

We are of opinion the subject here designated is the regulation of the manufacture and sale of spirituous, vinous, or malt beverages in this state.

The matter of a referendum, vel non, is within this subject, and a matter for the determination of the Legislature. The ref-

To the Senate of Alabama:

Responding to Senate Resolution No. 8, requesting an advisory opinion under section 10290 of the Code of Alabama, 1923, as to whether or not a proposed bill "regulating the manufacture and sale of spirituous, vinous or malt beverages through State owned and operated stores or other State supervision, without any provision for a referendum thereon to the electors of Alabama, will require a majority vote or a two-thirds vote of the two Houses of the Legislature in order for the same to be enacted into law," we respectfully submit:

The special session of the Legislature now convened was called pursuant to section 122 of the State Constitution, which vests in the Governor full discretion to

erence to a referendum in the proclamation is to be treated as advisory merely.

We are, therefore, of opinion that a bill dealing with the subject designated in paragraph 6, above, with no provision for a referendum, may be enacted by a vote of a majority of each House. See Sims v. Weldon, 165 Ark. 13, 263 S.W. 42; Ex parte A. M. Fulton, 86 Tex.Cr. 149, 215 S.W. 331; State ex. rel. National Conservation Exposition Co. v. Woolen, State Comptroller, 128 Tenn. 456, 161 S.W. 1006, Ann. Cas.1915C, 465; Likins' Petition (No. 1), 37 Pa. Super. 625; Id., 223 Pa. 468, 72 A. 862; Denver & Rio Grande Railroad Company v. Moss, 50 Colo. 282, 115 P. 696; 59 C. J. pp. 526, 527, § 20, and notes.

It is not intended to indicate any change of views of the several Justices on the question of delegation of legislative power by referendum as expressed In re Opinions of the Justices, 232 Ala. page 56, 166 So. 706; Id., 232 Ala. 60, 166 So. 710. Such question is not here presented.

Respectfully submitted,

JOHN C. ANDERSON
Chief Justice.
LUCIEN D. GARDNER
WILLIAM H. THOMAS
VIRGIL BOULDIN
JOEL B. BROWN
ARTHUR B. FOSTER
THOMAS E. KNIGHT
Associate Justices.