Questions propounded by the Governor to the Justices of the Supreme Court under Code 1940, Title 13, § 34.
Questions answered.
The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama Montgomery, Alabama
Gentlemen:
Important constitutional questions have arisen as a result of the constitutional amendment submitted by Act No. 384, Regular Session of 1945, Page 601, which was proclaimed ratified on November 14, 1946.
I respectfully request your opinion as to the following constitutional questions:
1. In view of the above amendment, is the Governor authorized to call an extraordinary session during a recess of a regular session of the Legislature?
2. If the Justices' opinion is in the affirmative on Question 1, would there be any limitation on the length of the recess of the regular session in order that an extraordinary session might be called? If so, what length?
Yours very truly,
James E. Folsom,
Governor
JEF:A:B
The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama Montgomery, Alabama
Gentlemen:
I herewith submit for your consideration some citations on the questions propounded to you relative to the calling of an extraordinary session during a Regular Session of the Legislature.
Attention is invited to in re: In re Opinions of the Justices, 222 Ala. 353 and 354, [132 So. 311]. It was the opinion of a majority of the Justices that, "Therefore, should there be a lengthy recess of the regular term and an emergency or necessity should arise, there is no reason why the Governor cannot convene the Legislature into a special session during the regular term."
Since this opinion, Act No. 384 of the 1945 Legislature submitted a constitutional amendment affecting the number of days for which the Legislature can meet, which *Page 154 
amendment was proclaimed ratified on November 14, 1946.
In the humble judgment of the writer, taking Section 122 of the Constitution, together with the amendment submitted by Act No. 384, together with the opinion of the Justices, supra, no right has been taken away from the Governor to say when an emergency or a necessity has arisen to call the Legislature back into extraordinary session.
Respectfully submitted,
Kenneth J. Griffith,
Legal Adviser to the Governor
KJG:A:B
Honorable James E. Folsom, Governor of Alabama, State Capitol, Montgomery, Alabama.
Dear Sir:
1. The amendment of 1945, Act 384, General Acts, 1945, p. 601, as pertinent to this inquiry merely changes the sessions of the Legislature from calendar to legislative days. Comp. p. 601, Acts 1945, with Code 1940, Title 1-6, p. 332, Amendment No. 39. The substantive law now controlling the matters inquired of is, therefore, the same as governed under Section 48 of the 1901 Constitution.
The Opinion of the Justices answering an inquiry of the Legislature reported in 222 Ala. 353, 132 So. 311, held to the view that in case of a lengthy recess of the regular session of the Legislature the Governor may, if an emergency should arise (Constitution, § 122), convene the Legislature in extra session during a recess of the regular session, and that amendments to the Constitution may be proposed for adoption at such special session, and an election thereon held three months or more after final adjournment (Constitution, § 284). The opinion has been recognized as authoritative and has been followed by subsequent administrations (Amdt. XXXIX), and we regard it as proper to now adhere to it as precedent.
2. Responding to question No. 2 of your inquiry, we do not think the duration of the recess of the regular session of the Legislature to be controlling. If the Legislature regards it as necessary for the proper disposition of its business that a recess in its regular term should be taken, there is no authority to question the motives of the Legislature in doing so. State ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 So. 31; Albes v. Southern Ry. Co., 164 Ala. 356, 51 So. 327; City of Birmingham v. Henry, 224 Ala. 239, 139 So. 283.
Nor is there any authority for the courts to question the decision of the Governor in the exercise of his power under Section 122 of the Constitution to call an extraordinary session of the Legislature.
Coming, therefore, to answering your specific inquiries, we submit the following:
As to inquiry No. 1, we answer in the affirmative.
As to inquiry No. 2, we answer in the negative.
All of which is respectfully submitted.
 LUCIEN D. GARDNER Chief Justice
JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
 DAVIS F. STAKELY Associate Justices
I join in and concur in the foregoing opinion, but deem it proper to say that, in my opinion, Sections 48 and 122 of the Constitution do not contemplate or intend that the Legislature while in regular session should by itself, or with the advice of the Governor, declare a recess for the purpose of enabling the Governor to call a special session to attend to legislative business which could be done by the regular session then working in order to shorten the requirements of Section 284 of the Constitution, and notice of holding the election under the Constitution, or to evade any feature of the Constitution. Under the foregoing opinion if he should do so that is not a matter for judicial review. *Page 155