53 So.2d 740

## OPINION OF THE JUSTICES.
### No. 123.

Supreme Court of Alabama.
July 10, 1951.

House Resolution #57

Be it resolved by the House of Representatives, That the Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen in connection with H. B. 676, which is now pending before the Legislature:

1. Does the provision for annual sessions of the Legislature contravene the provisions of Constitutional Amendment LVII?

2. Does the provision of Amendment LVII that "The legislature shall convene

in regular sessions on the first Tuesday in May of 1947 and on the first Tuesday in May in each second year thereafter, until the date of meeting shall have been changed by act of the legislature and approved by the governor" authorize the Legislature to provide by Act for holding regular sessions annually?

Be it resolved further, That the Clerk is hereby directed to transmit to the Justices of the Supreme Court certified copies of this resolution and H. B. 676.

### House Bill 676

### A Bill
### To Be Entitled
### An Act

Relating to sessions of the Legislature; amending Sections 3, 4, and 5 of Title 32, Code of Alabama (1940).

Be It Enacted By The Legislature Of Alabama:

Sections 3, 4, and 5 of Title 32, Code of Alabama (1940) are hereby amended to read as follows·

"Section 3. The legislature shall meet at the capitol in the senate chamber and in the hall of the house of representatives unless it should become impossible or dangerous for the legislature to meet or remain at the capitol, or for the senate to meet or remain in the senate chamber, or for the representatives to meet or remain in the hall of the house of representatives, in which event the governor may convene the legislature, or remove it after it has convened, to some other place for the sitting of the respective houses, or either of them, as necessity may require.

"Section 4. The legislature shall convene on the second Tuesday in January next succeeding the election of the members thereof, and shall remain in session for not longer than ten consecutive calendar days. The legislature shall convene in regular session on the first Tuesday in May of each year, and such sessions shall not continue longer than twenty legislative days.

"Section 5. No special session of the legislature shall continue for longer than thirty-six legislative days."

To the House of Representatives of Alabama
State Capitol
Montgomery, Alabama
Dear Sirs:

In response to the inquiries of House Resolution #57, dated June 29, 1951, in regard to H. B. 676, the answer to your first question is yes; to your second, no.

The Constitution as last amended, Amendment LVII, authorizes regular biennial sessions of the legislature and the proviso that the legislature shall so convene on the first Tuesday in May of 1947 and on the first Tuesday in May of each second year thereafter *"until the date of meeting shall have been changed by act of the legislature and approved by the governor"* is not susceptible of the construction that, by enactment, the legislature can reduce the biennial period of such sessions to permit it to hold annual sessions or any other sessions less than the two-year period prescribed. (Emphasis supplied). If such were permissible, then the legislature would have authority by enactment to convene itself in regular sessions at any specified intervals, such as one month, one quarter, or any other period it saw fit. The quoted phrase merely authorizes the legislature to change, by a duly approved act, the day of convening its biennial sessions from the first Tuesday in May of the biennium to such other suitable day within its discretion.

In varying language to the same effect, such a provision has been in all of our Constitutions since that of 1861. Until now, so far as we are advised, it has never been supposed that the considered section of the Constitution was subject to any other interpretation than as here accorded it. The Constitution of 1901, Art. 4, § 48, directed the legislature to meet quadrennially on the second Tuesday in January, etc., "or on such other day as may be prescribed by law". Our previous constitutions back to 1861 had substantially like verbiage except that the regular sessions were at shorter intervals. No case has come to our attention where it has ever been contended that such quoted phrase authorized the legislature to shorten

the period of legislative sessions. Indeed, the debates and discussions when § 48 of the 1901 Constitution was under consideration by the Convention indicated as much. See Official Proceedings, Constitutional Convention 1901, Vol. II, pp. 2269–2275, 2288–2299; Vol. III, pp. 3146–3147. These debates are revealing of the strenuous effort on the part of some to forestall the passage of the quadrennial provision and to retain the biennial provision as prevailed in the Constitution of 1875. The first amendment, XXXIX, to § 48 which reduced the period of quadrennial sessions to biennial sessions was proposed by Acts 1939, Special Session, p. 11, submitted July 11, 1939, and proclaimed ratified July 21, 1939. This constitutional amendment contained the same verbiage as Amendment LVII, instantly considered. Said Amendment XXXIX was recommended to the special session of the 1939 legislature by the Honorable Frank M. Dixon, then Governor, and it is quite clear from his message that the purpose of the amendment was to reduce the quadrennial sessions to biennial sessions. We quote his pertinent language:

"Alabama is the only State having a quadrennial system. It is impossible to budget four years in advance, since of course, revenues fluctuate as well as needs of the various governmental agencies. It has been found that the biennial system * * * is the most satisfactory.

"Under our system of quadrennial sessions, it has been necessary to have special sessions two or three times in each quadrennial term. * * *

* * * * * *

"A bill proposing an amendment to the Constitution of Alabama providing for biennial sessions as above outlined has been prepared and will be submitted for your consideration. I recommend its adoption."

See General Acts of Alabama, Special Session, 1939, p. IV, Message to Special Session, 1939. Thus is the certain interpretation that the authority of the legislature was only to meet in biennial sessions and we doubt not that the members of that legislature who voted to propose the amendment and the people who voted to approve it so understood. We think that status also prevailed as regards Amendment LVII.

As observed, the novel interpretation now sought to be placed on this provision has never before been up for consideration and we take notice of the so-called Self-starter Amendment proposed by Acts 1947, p. 391, submitted to the vote of the people January 6, 1948, and proclaimed *not* adopted January 15, 1948. A provision of the proposed Self-starter Amendment was to require the Governor to convene the legislature in extraordinary session whenever petitioned so to do by a certain number of members from each house. Had Amendment LVII been subject to the interpretation sought to be placed on it by the present bill, such Self-starter Amendment would have been entirely unnecessary. The proposal of said amendment and its submission to the people and the people's vote thereon indicated not only the then interpretation of the Constitution by the legislature that it may not convene in regular session oftener than the biennial periods, but also the will of the people to that effect.

█ We are remitted, therefore, to the conclusion that the proposed act under consideration would be unconstitutional as violative of said Amendment LVII. This is the settled interpretation, a correct one, we think, and under well-known canons of construction it should be adhered to. Cooley's Constitutional Limitations (8th Ed.), Vol. One, p. 144; 11 Am.Jur. 701, § 80; Walker v. Baker, 145 Tex. 121, 196 S.W.2d 324, 327.

Respectfully submitted,
J. ED. LIVINGSTON
Chief Justice.
JOEL B. BROWN
ARTHUR B. FOSTER
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Associate Justices.