152 So.2d 427

**OPINION OF THE JUSTICES.**

**No. 173.**

Supreme Court of Alabama.

April 30, 1963.

The House of Representatives
State Capitol
Montgomery, Alabama

Gentlemen:

We are in receipt of House Resolution No. 41, adopted April 23, 1963, which is as follows:

"House Resolution No. 41  By Messrs. Rogers and Casey.

"WHEREAS, the Legislature is confronted with the immediate prospect that the day fixed by law (May 7) for the convening of the regular session will arrive before the business of this extraordinary session is disposed of, so an important constitutional question arises as to whether the extraordinary session will be prorogued or finally terminated when the convening date for the regular session arrives; now therefore, be it

"RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions concerning this important constitutional question.

"RESOLVED FURTHER, That the Clerk of the House be directed to send seven true copies of this resolution

forthwith to the Clerk of the Supreme Court of Alabama."

Our answer to your inquiry is as follows:

■ It is our opinion that an extraordinary session of the legislature is terminated by operation of law on the first Tuesday in May of odd numbered years if such session has been in progress or existence up to that date.

Sec. 48 of the Constitution of Alabama 1901, as amended by Amendment LVII, sets, or designates, the first Tuesday in May of 1947, and of each second year thereafter as the time for the convening of the legislature in regular session. This date is mandatory "until the date of meeting shall have been changed by act of the legislature and approved by the governor." Opinion of the Justices, 256 Ala. 154, 53 So.2d 740. No change having been made, the legislature is required to meet on that date, and any uncompleted special session is terminated on that date irrespective of the absence of a sine die adjournment. By Sec. 122 of the Constitution of 1901, the governor may, by proclamation, on extraordinary occasions, convene the legislature in special session and he shall state specifically in his call for the special session each matter concerning which the action of the legislature is deemed necessary. Sec. 76 of the Constitution limits the business of the specially called legislature to those matters specified in the proclamation calling the session, unless enlarged by a vote of two thirds of each house.

The clear import of Sec. 122, supra, is that it provides the machinery for convening the legislature because of extraordinary, or emergency, situations calling for legislative action in the interim between the regular meetings of the legislature.

■ When once in session, the matter of recessing or adjourning, and the length of the recess or adjournment is solely in the discretion of the legislature, and there is no authority for the courts to question the decision of the governor to call a special session of the legislature. Opinion of the Justices, 249 Ala. 153, 30 So.2d 391.

In the opinion just cited, the members of this court advised that the governor was authorized to call an extraordinary session of the legislature during a recess of the regular session of the legislature.

In Opinion of the Justices, 216 Ala. 545, 113 So. 621, it was said:

"Under section 48 it seems clear that when a session of the Legislature is begun, it must proceed continuously * * *, unless by the joint or concurring action of both houses adjournments over should be declared. Moog v. Randolph, 77 Ala. 597, 608. By such joint or concurring action the session may be extended *until the time appointed by law for the meeting of the next Legislature, * * *.*" (Emphasis ours.)

We think the above language clearly limits the length of time of legislative recesses "until the time appointed by law for the meeting of the next Legislature." This observation was made in reference to adjournments of a regular session of the legislature. Even more should the principle apply to special sessions of the legislature.

■ The purpose of Sec. 122, supra, is to provide for the convening of the legislature under extraordinary circumstances. If the legislature is already in regular session, and not in recess, or adjournment, no reason for any special session can be present. Everything included in the governor's call can be considered in the regular session, such session being entirely unlimited as to scope of legislative business.

The necessity for the special session, that is, the emergency convening of the legislature, having disappeared with the convening of the legislature in regular session, the special session should be considered as concluded upon the convening of the regular session.

We do not consider our conclusions as in anywise in conflict with the advisory opin-

ion in Opinion of the Justices, 249 Ala. 153, 30 So.2d 391, supra, in that the question there considered was whether a special session could be called during an adjournment of the regular session, and not with whether a special session could be adjourned beyond the regular session of the legislature.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
JAS. S. COLEMAN, Jr.
ROBERT B. HARWOOD
Justices.