198 So.2d 304

**OPINION OF THE JUSTICES.**

No. 189.

Supreme Court of Alabama.

April 26, 1967.

The House of Representatives
State Capitol
Montgomery, Alabama

Gentlemen:

Summarizing your request for advisory opinion and the exhibits thereto, we are advised that the original proclamation of the Governor calling the extraordinary session of the Legislature for March 2, 1967, now in progress, did not include matters relating to the taxation of aviation fuels.

Later, on March 14, 1967, the Governor sought to amend the proclamation by including "Legislation to amend or modify existing law regarding the taxation of fuel used for aviation and the distribution of proceeds from the tax imposed on aviation fuel."

H.B. 82, which relates to the rate and distribution of the State excise tax on aviation fuels is now pending before the Legislature.

Your question is: "Would the legislation proposed by said H.B. 82 require a vote of

two-thirds of each house for passage under Article 4, Section 76 of the Constitution?"

The effect of your question is whether the Governor could amend the call for an extraordinary session of the Legislature so as to include H.B. 82, which relates to the State tax on gasoline and other fuels used to propel aircraft. If the call could be legally amended, then H.B. 82 could be passed by a majority vote of either house of the Legislature. If the call could not be amended by the Governor, then H.B. 82 would be subject to the two-thirds majority vote as required by Sec. 76 of the Constitution, which provides:

"When the legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the governor calling such session, except by a vote of two-thirds of each house. Special sessions shall be limited to thirty days."

The general purpose of Sec. 76 is to have the Legislature deal primarily with the subjects of legislation for which it is concerned, without entirely excluding other legislation enacted by a two thirds vote of each house. In re Opinions of the Justices, 233 Ala. 185, 171 So. 902.

Section 122 of the Constitution provides:

"The governor may, by proclamation, on extraordinary occasions, convene the legislature at the seat of government, or at a different place if, since their last adjournment, that shall have become dangerous from an enemy, insurrection, or other lawless outbreak, or from any infectious or contagious disease; and he shall state specifically in such proclamation each matter concerning which the action of that body is deemed necessary."

The justices of this court have stated that there is no authority for the courts to question the decision of the Governor in the exercise of his power under Sec. 122 of the Constitution to call an extraordinary session of the Legislature. In re Opinion of the Justices, 249 Ala. 153, 30 So.2d 391.

It will be noticed that Sec. 122 requires the Governor to "state specifically in such proclamation each matter concerning which the action of that body is deemed necessary"; and Sec. 76 requires that there shall be no legislation upon subjects other than those designated in the call except by a two-thirds vote.

We are constrained to believe that the members of the Constitutional Convention meant that the call was exclusive. In that Convention, former Governor William C. Oates was chairman of the committee on Legislative Department. When the Convention was considering what is now Sec. 76, he had this to say in urging the Convention to permit the Legislature to consider subjects other than those in the call, which were prohibited by the Constitution of 1875:

"* * * The Governor may see proper to call the Legislature together and specify in the call as he is required in the Executive Department to do the matters and things to which he invites the attention of the Legislature, but, sir, with the new Constitution and with such seldom sessions of the Legislature it might be the case that he did not foresee some important matter, which, in the opinion of the Legislature, and in his own opinion, ought to be attended to. If as the Constitution now is, he committed that oversight and failed to specify in his message to assemble the Legislature in extraordinary session, although he wanted the Legislature to deal with that particular question and fully concurred with them in it, that ought to be attended to, yet he could not by any message of his change it or confer upon them that power. If they could consider nothing more than the things named in his proclamation calling the extra session it would be necessary for them to adjourn and to call them again in order to attend to that. I am not wedded to the requirement of a two-

thirds vote as in this case, but it ought to be in the power of the Legislature, say, by two-thirds of the members elected, or, I don't care, if it be three-fourths of the members; but it ought to be within their power, if there should be anything omitted or anything that is absolutely necessary for them to give attention to when in extra session, additional to which the Governor has specified, they ought to be able to attend to it." Official Proceedings, Constitutional Convention 1901, Vol. 2, p. 2522.

This court said in State ex rel. Meyer v. Greene, 154 Ala. 249, 46 So. 268: " * * * We therefore conclude that the intent expressed by section 76 is to prohibit legislation—the enactment of a law—upon subjects outside those designated in the proclamation unless two-thirds of each House favor the enactment."

It is our opinion that matters not included in the proclamation convening the Legislature in special session require a two-thirds majority vote, and this requirement is not obviated by a purported amendment to the proclamation after the special session has convened.

We answer your question in the affirmative.

Respectfully submitted,

J. ED LIVINGSTON,
　　Chief Justice

THOMAS S. LAWSON

ROBERT TENNANT SIMPSON

JOHN L. GOODWYN

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

ROBERT B. HARWOOD
　　Justices