PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
January 11, 1968
The Honorable Claude R. Kirk, Jr.
Governor
State of Florida
Tallahassee, Florida
Dear Governor:
We have your request for an advisory opinion under date of January 8, 1968, in *213 which you have asked for our advice pursuant to Section 13 of Article IV, Florida Constitution, F.S.A. :
“Pursuant to the provisions of Section 13 of Article IV, Florida Constitution, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor’s executive powers and duties.
“According to the provisions of Section 8, Article IV, Florida Constitution, the Governor is authorized to call the Legislature into special session. Under the provisions of Section 2, Article III, Florida Constitution, it is specifically provided that, ‘No special session convened by the Governor shall exceed twenty days.’
“It is my intention, very shortly, to issue a Proclamation calling the Legislature into special session. However, before doing so, it is necessary that I receive clarification of my executive authority under the aforementioned provisions of the Constitution, particularly with regard to the limitations which the Executive can place upon the length of such special session.
“Therefore, I have the honor to request your written opinion on the following question:
“1. When the Legislature is convened into special session pursuant to Section 8, Article IV, Florida Constitution, am I authorized to limit the call to a specified number of days, such as five days, ten days, etc., or would such special session automatically be fixed at twenty days by virtue of Section 2, Article III, Florida Constitution, regardless of the time specified in my Proclamation?
“Since time is of the essence with respect to the calling of such special session, your early reply would be most sincerely appreciated.
Sincerely,
/s/ Claude Kirk
Governor”
We find it proper to answer your inquiry.
ARTICLE III, Section 2, Constitution of Florida, among other things, provides:
“The regular sessions of the Legislature shall be held biennially commencing on the first Tuesday after the first Monday, in April, 1887, and on the corresponding day of every second year thereafter, but the Governor may convene the same in extra session by his proclamation. Regular sessions of the Legislature may extend to sixty days, but no special session convened by the Governor shall exceed twenty days.’1 (Emphasis supplied.)
ARTICLE IV, Section 8, provides:
“The Governor may, on extraordinary occasions, convene the Legislature by proclamation, and shall in his proclamation state the purpose for which it is to be convened, and the Legislature when organized shall transact no legislative business other than that for which it is especially convened, or such other legislative business as the Governor may call to its attention while in session, except by a two-thirds vote of each House.”
Thus it becomes necessary to read in conjunction the foregoing two sections of the Constitution from which joint gleaning we find that the Governor has the power to call an extraordinary session but the- outer limit of the call is fixed at twenty days. The limitation that the call shall not exceed twenty days clearly implies that it may be for a shorter period. It is noteworthy that the regular session is called for a period not to exceed sixty days by the Constitution and does not require the exercise of any action by the Governor; *214 however, the calling of the extra session is an exercise of executive discretion, and if in the exercise of such discretion he determines that an extra session of less than twenty days is in the public interest, he has the power to make the call and fix the shorter time. The wisdom of the Governor in fixing a lesser time is not a matter of judicial concern as we are involved here only with his power to do so.
We have examined former decisions of this court but find no precedent controlling the situation. Our attention has been directed to State ex rel. Cunningham v. Davis, 1936, 123 Fla. 41, 166 So. 289, but we find the decision bears no relation to the question here under review. That case dealt with the constitutional power of a regular session of the Legislature to perform any act upon the expiration of the sixty-day period provided in the Constitution, and held that the power to legislate terminated at the expiration of the sixty-day period but that the Legislature could immediately thereafter make
“ * * * an orderly disposition of its remains by properly winding up its affairs as soon as practicable thereafter, so long as the assembly did not actually disperse as a parliamentary body and thereby put it beyond its power to reassemble for that purpose absent the call of the Governor into extra session.”
We also examine the opinion of the Justices of the Supreme Court of Alabama reported in 275 Ala. 102, 152 So.2d 427, which dealt basically with the proposition of whether or not a regular session and an extraordinary session could be in session simultaneously. The opinion has no bearing and gives no assistance in the matter here under consideration.
The organic power of the Legislature to convene itself into extra session is authorized in Article III, Section 2, Constitution of Florida, is not involved here.
In view of the foregoing, our advice to you is that you may issue a call for an extra session of the Legislature for a period of time to be determined by you but not in excess of twenty days.
Respectfully submitted,
/s/ MILLARD F. CALDWELL
Chief Justice
,/s/ ELWYN THOMAS
Justice
/s,/ B. K. ROBERTS
Justice
/s/ RICHARD W. ERVIN
Justice
/s/ ALTO ADAMS
Justice
SUPREME COURT OF FLORIDA
Tallahassee
January 10th, 1968
Honorable Claude R. Kirk, Jr.
Governor of Florida
State Capitol
Tallahassee, Florida.
Dear Governor:
It is with regret that we find it necessary to disagree with our colleagues. In view of the importance of the question presented and our responsibility as individual Justices to respond to your inquiry, we feel constrained by the mandate of Article III, Section 13, Florida Constitution, to submit our views.
We proceed from the justifiable assumption that you share our concern for a continued recognition of the historic separation of powers, pursuant to which the three branches of government function.
Under our system the power of a state legislature is inherent unless limited by the provisions of the Constitution. State v. Board of Public Instruction of Dade County, 126 Fla. 142, 170 So. 602. We find nothing in the Florida Constitution which empowers the Governor to influence or *215 otherwise control the enactment of legislation by shortening the period of time which the Constitution allots to the Legislature for an extra legislative session.
Indeed, Florida Constitution, Article II, mandates this recognition of the fundamental concept of distribution of powers. The cited Article divides our state government into three branches. It specifically prohibits a person in one branch from exercising any powers appertaining to the others, “except in cases expressly provided for by this Constitution.” (Emphasis added.) In other words, one branch of the sovereignty will not be empowered to exercise control over a coordinate branch by implication. To be valid such an encroachment must be expressly stated in the Constitution. Despite this specific mandate of Article II, our esteemed colleagues appear to ground their entire conclusion on the sole assumption that the twenty day limit on the length of time that the Legislature may remain in extra session “implies” that the Governor has the added power to reduce this time which the Constitution so clearly allows to the Legislature for the performance of its duties. It is this extension of power by implication that we feel is condemned by organic law.
The Constitution, Article IV, Section 8, simply authorizes the Governor, by proclamation, to convene the Legislature in extra session and to state the purpose for which it is to be convened. The executive power in the premises is spent upon issuance of the proclamation as prescribed, save by the addition of other items of business. Nowhere, does the Constihition authorise the Governor to restrict the amount of time which Article III, Section 2, Florida Constitution, makes available to the Legislature for exercising its powers in extra session.
It is our view that once the Governor activates the legislative process by the proclamation for an extra session, then, by the very nature of the legislative power, the Legislature itself controls the matter of its recesses or adjournment within the time limitations stipulated by the Constitution. Opinion of the Justices, 275 Ala. 102, 152 So.2d 427 (1963). It seems to us that any contrary view improperly extends executive control over the legislative function.
Apparently, your predecessors in the office of Governor have, with marked consistency, followed the rule which we here^ with recommend. In preparing our reply to your inquiry, we have investigated the executive calls of special sessions under our 1885 Constitution. We found that there have been a total of 21 calls dating back to the first one in 1889. We have found one instance only in these past eighty years when the Governor has undertaken to prescribe the length of the extra session by his executive proclamation. That one exception occurred on February 26, 1966, when Governor Burns called a “ten-day” reapportionment session to meet the crisis of a federal court decision. Even then, simultaneously with his call, the Governor announced through the press that it had been issued with the unanimous approval of certain legislative leaders, thereby indicating informal legislative concurrence in the restriction. See, Florida Times Union, February 27, 1966. As early as 1912, Governor Gilchrist seemed to feel that an abbreviated session would suffice. However, when he called an extra session on October 1, 1912, he did not undertake to-restrict the Legislature by executive fiat. He issued an unrestricted call and announced in his message that a majority of the Senate and House had agreed to a short session, thereby acknowledging the legislative prerogative. We cite this history merely to suggest that executive precedent tends to support the judicial position which we adopt.
The authority of the Governor to convene an extra session is provided in Article IV, “the executive article" It should be noted that Article IV, Section 8, authorizes the Governor, (1) to make the call, and (2) state the purpose. It does NOT au *216 thorize him to prescribe time limitations. Obviously, if the power to fix a time limit were intended, it would have been stated as an element of the Governor’s power to call the session. By stipulating the specific elements of the proclamation, we feel that the Constitution excludes the inference of additional restrictions on legislative power.
The length of an extra session is stated in Article III, “the legislative article.” Section 2 of that Article, in one and the same sentence, fiies the maximum time limits of both regular and extra sessions. The provision is clearly a specific constitutional authorization for the length of time that the Legislature may, in its discretion, remain in session. With equal clarity it is NOT a grant of power to the executive. Indeed, many years ago, this Court recognized that the subject section granted to the Legislature the unrestricted power to remain in regular session for the full period stipulated by the Constitution, if, in its judgment, the completion of its work so requires. State ex rel. Cunningham v. Davis, 123 Fla. 41, 166 So. 289 (1936). By analogy, we feel that the same rule should apply to similar language found in the same sentence regarding extra sessions.
Because the constitutional language, Article, IV, Section 8, defines and limits the power of the Governor simply to “convene the Legislature by proclamation, and * * * state the purpose for which it is to be convened,” we conclude that it does not encompass the additional authority to limit the call to a specific number of days. The mechanics of legislative operation during such session, including adjournment within the specified period, are, in our opinion, governed by Article III, Section 2 and are entirely legislative prerogatives. The uniform rule under such constitutional provisions is that the executive proclamation which designates the subject or agenda for a special session may not restrict the manner, method or means of legislative action pursuant thereto. State Tax Comm. v. Preece, 1 Utah 2d 337, 266 P.2d 757; Commonwealth ex rel. Schnader v. Liveright, 308 Pa. 35, 161 A. 697; State Road Comm. of W. Va. v. W. Va. Bridge Comm., 112 W.Va. 514, 166 S.E. 11; Martin v. Riley, 30 Cal.2d 28, 123 P.2d 488; In re Platz, 60 Nev. 296, 108 P.2d 858. Similarly, we feel that the executive may not restrict the amount of time constitutionally allocated for the performance of the legislative function.
Our answer to your question therefore is that the executive proclamation may not reduce the twenty-day period allowed by the Constitution for the extra session.
With assurances of our respect, we are
Sincerely,
/s/ E. HARRIS DREW
E. Harris Drew, Justice.
/s/ CAMPBELL THORNAL
Campbell Thornal, Justice.