257 So.2d 336

**OPINION OF THE JUSTICES.**

**No. 208.**

Supreme Court of Alabama.

Jan. 24, 1972.

The Senate of Alabama propounded five questions to the Justices of the Supreme Court concerning Section 58 of the Constitution of the State of Alabama and Rule 2 of the Rules of the Senate of Alabama.

Questions 1, 2, 4, 5 answered.

The Justices declined to answer question 3.

The Senate of Alabama
State Capitol
Montgomery, Alabama 36104

Gentlemen:

We are in receipt of Senate Resolution, which is as follows:

"BE IT RESOLVED BY THE SENATE OF ALABAMA, That the justices of the Supreme Court be asked to advise the Senate as to the Constitutional questions presented by the following circumstances:

"Section 58 of the Constitution of Alabama provides:

" 'Sec. 58. Neither house shall, without consent of the other, adjourn for more than three days, nor to any other place than that in which they may be sitting except as otherwise provided in this Constitution.'

"Rule 2 of the General Rules of Order and Procedure of the Alabama Senate provides as follows:

" 'Rule 2. Unless it is otherwise specially provided for by resolution, the Senate shall meet at ten o'clock A.M., except on Mondays, when the Senate shall convene at twelve o'clock noon.'

"On January 12, 1972, the House of Representatives adopted House Joint Resolution 92, a copy of which is attached as Exhibit One. Before this resolution was approved by the Senate the House adjourned until 4:00 P.M. January 19, 1972. The Senate refused to adopt House Joint Resolution 92 as passed by the House of Representatives but, instead, on the same day, January 12, 1972, adopted a substitute therefor a copy of which is attached as Exhibit Two. The Senate subsequently adjourned until 4:00 P.M. January 19, 1972, on which date both houses reconvened.

"On January 19, 1972, Senator Lybrand offered the following Motion in Writing, to-wit:

" 'MOTION IN WRITING' "

" 'I move that the Senate stand in informal recess for the purpose of all receiving House Messages and then adjourn until February 23 at 4:00 P.M.'

"Mr. Cooper requested a division of the question, which request was granted.

"The President and Presiding Officer put the first portion of the above Motion in Writing, relative to the Senate standing in informal recess, which motion was adopted.

"Yeas 25 Nays 0

"The President and Presiding Officer then put the second portion of said Motion in Writing, relative to adjournment until February 23, 1972, which motion was adopted.

"Yeas 15 Nays 14

"On January 19, 1972, the House of Representatives refused to concur with the Senate substitute for House Joint Resolution 92. An excerpt from the House Journal reflects this action and is attached as Exhibit Three.

"On January 19, 1972, the House of Representatives adopted House Resolution 109, a copy of which is attached as Exhibit Four. House Resolution 109 specifically expresses that the House of Representatives refused to consent to the adjournment by the Senate in accordance with the adjournment motion set out above.

"In light of Section 58 of the Constitution and Rule 2 of the Senate Rules we respectfully request your opinion as to the following constitutional questions:

"1. What was the effect of the action of the House of Representatives in its nonconcurrence with the Senate substitute for House Joint Resolution 92? More specifically, were both Houses of the Legislature technically in session between January 12, 1972 and January 19, 1972 and were these intervening days legislative days?

"2. In light of the refusal of the House of Representatives to consent to the adjournment by the Senate for more than three (3) days in accordance with its adjournment motion adopted January 19, 1972, was such adjournment motion of any effect or was it a nullity?

"3. Where either House of the Legislature adopts an adjournment motion that would place the house adjourning in recess for a period of more than three (3) days if the other house refuses to consent thereto, is such adjournment motion effective so as to place the house adopting it in recess for three (3) days or for any period?

"4. Under facts herein recited and in contemplation of Section 58 of the Constitution of Alabama, Supra, and Rule 2 of the Senate Rules, is the Senate in lawful session on January 20, 1972?

"5. If the House and Senate are in lawful session on January 20, 1972, what is the legislative day on Thursday, January 20, 1972?"

This request for advisory opinion was received January 20, 1972, at 4:00 p. m. It was immediately assigned and work started on it. We had the benefit of no briefs or arguments, but were conscious of the opinion in the Legislature that a prompt answer to some of the questions was necessary.

We have expressed our views on these important constitutional questions based on the very limited research and study which we have been able to make in view of the short time which has intervened between our receipt of your inquiry and the action the Legislature may take based upon our answers to your inquiries. Opinion of the Justices, 270 Ala. 42, 115 So.2d 475.

Our response has of necessity been limited to § 58, Constitution of Alabama, 1901; Rule 2 of the General Rules of Order and Procedure of the Alabama Senate; the facts; matters and exhibits contained in the resolution for an advisory opinion.

■ The answer to your first question is that neither house of the Legislature was in session between January 12, 1972, and January 19, 1972, and that the intervening days between such dates were not legislative days. Article 4, § 58 of the Alabama Constitution of 1901, in the relevant part provides: "Neither house shall, without *consent* of the other, adjourn for more than three days * * *" (Emphasis added.) A particular mode of manifestation of such consent is not constitutionally required.

■ From an examination of House Joint Resolution 92, and the Senate substitute for such resolution, it is most evident that both houses were in absolute agreement on the matter of adjourning until January 19, 1972. Such consent was lacking, however, on the Senate's action to adjourn January 19, 1972, to February 23, 1972. Nevertheless, that dispute in no way affected the fact that each house was in agreement to adjourn until January 19, 1972. Both houses did adjourn and remained so until 4:00 p. m. January 19, 1972. Therefore we have concluded, that each house consented to the other's adjournment on the 12th of January to meet again January 19. This met the requirements of § 58.

■ Our answer to your second question, stated above, is that the Senate's adoption of the motion on January 19, 1972, to adjourn until February 23, 1972, is a nullity and void ab initio, because the period of adjournment exceeds the three day maximum allowed by § 58.

■■ We respectfully decline to answer question number three because, from an examination of the request, we find that question three is hypothetical. Opinion of the Justices, 267 Ala. 110, 100 So.2d 565. We are unauthorized to give our opinion on any other than concrete, constitutional questions. In re Opinion of the Justices, 209 Ala. 593, 96 So. 487.

■ The answer to the fourth question may involve considerations of facts which are not contained in the resolution; however, it is our opinion that January 20, 1972, was a legislative day and a day when the Senate could have been in lawful session. We assume the Senate was in lawful session that day since we assume it adopted the resolution requesting the advisory opinion on that date.

■ Question five. Under the facts stated and assumed, we are of the opinion

that January 20, 1972, was a legislative day, whether the House met or not. In a prior advisory opinion certain of the justices have said:

"Under section 48 it seems clear that when a session of the Legislature is begun, it must proceed continuously for 50 days, not counting Sundays, unless by the joint or concurring action of both houses adjournments over should be declared. Moog v. Randolph, 77 Ala. 597, 608. By such joint or concurring action the session may be extended until the time appointed by law for the meeting of the next Legislature, so long as 50 working days have not been used in actual session. Cushing's Law and Practice of Legislative Assemblies, p. 206, §§ 509–515.

"It is clear, also, that on any day within the period of constitutional limitation, over which there has been no adjournment by the joint or concurring action of both houses, either house may be in lawful session, and may transact all legislative business properly brought before it, even though the other house chooses not to be in session, and has in fact adjourned over. Cushing's Law and Practice of Legislative Assemblies, p. 206, § 511; State ex rel. Adams v. Hillyer, 2 Kan. 17, 28.

"[2] In such a case, a session by either house—the other house not sitting— makes a legislative day, to be deducted from the 50 days allowed by the Constitution. This conclusion seems obvious, and is not impugned, but rather confirmed, by section 58 of the Constitution, supra, which permits either house to seprately suspend its own labors by its own separate adjournment for a period of three days, without the consent of the other house." In re Opinion of the Justices, 216 Ala. 545, 546, 113 So. 621, 622.

We are unable to state the number of the legislative day on January 20 because the resolution and exhibits attached thereto do not show what numbered legislative day January 19, 1972, was. However, January 20, 1972, was one more legislative day to add to the previous number of legislative days.

Respectfully,
HOWELL T. HEFLIN
Chief Justice
THOMAS S. LAWSON
PELHAM J. MERRILL
JAMES S. COLEMAN, Jr.
ROBERT B. HARWOOD
JAMES N. BLOODWORTH
HUGH MADDOX
DANIEL T. McCALL, Jr.
Associate Justices

### EXHIBIT ONE

### MESSAGE FROM THE HOUSE

Mr. President:

The House has non-concurred in the Senate amendment to the following House Joint Resolution

H.J.R. 92—Relative to the adjournment of the two houses.

John W. Pemberton
Clerk

### EXHIBIT TWO

## HOUSE RESOLUTION 109

WHEREAS, the Senate of the State of Alabama on the 19th day of January 1972 passed the following motion by Lybrand,

"I move that the Senate stand in informal recess for the purpose of receiving all House Messages and then adjourn until February 23rd at 4:00 o'clock p. m.", and

WHEREAS, the Constitution of the State of Alabama provides that neither House shall, without consent of the other, adjourn for more than three (3) days

NOW THEREFORE BE IT RESOLVED by the House of Representatives of the State of Alabama that the House of Representatives does NOT consent to the aforesaid adjournment motion of the Senate, and

BE IT FURTHER RESOLVED that a copy of this Resolution be furnished to each member of the Senate of the State of Alabama in order that they may each be apprised of the fact that the Senate has *not* passed a valid adjournment motion.