To the Members of the House Of Representatives
State Capitol
Montgomery, Alabama 36130
Dear Sirs and Madam:
We have received House Resolution 288 (adopted July 29, 1976) requesting our advisory opinion relative to House Substitute Resolution to Senate Joint Resolution 93, which states:
“S.J.R. 93 SETTING THE NEXT MEETING DAY OF THE LEGISLATURE. “. . . That when they adjourn today, July 8, that they adjourn to meet again on Tuesday, July 20. Any prior resolution that conflicts herewith is repealed.”
A copy of House Resolution 288 is attached. Your first question is—
“1) Does the passage of the aforementioned House Substitute to Senate Joint Resolution repeal Act Number 25, Third Special Session, 1975, which Act states *165 ‘That the two Houses shall meet in sessions on Tuesdays and Thursdays.’?”
This is the same question you posed in House Resolution 261. On July 28,1976, we respectfully declined to answer that question because the justices, under the mandates of Tit. 13, § 34, Code of Alabama, 1940, may answer only important constitutional questions. (See In re Opinions of the Justices, 209 Ala. 593, 96 So. 487.) We observed that we saw no constitutional issue therein. We remain of the same opinion. In our view, the nature of the question is legal, and we are not authorized to answer solely legal questions in advisory opinions to the legislature or governor. Tit. 13, § 34, supra.
Your second question is—
“2) Does the action by the Senate contravene Section 53 of the Constitution of 1901 in that each House has full authority to determine the rules of its proceedings particularly in light of the Opinion of the Justices No. 185, 278 Ala. 522, 179 So.2d 155 (1965)?”
We are somewhat at a loss to understand what “action by the Senate” is referred to. It is said that judges in court ought not to be ignorant of what everyone else knows to be a fact. Therefore, we take it, and so assume solely for the purpose of answering the question, that what House Resolution 288 is referring to as “action by the Senate” is that the Senate met on Wednesday, July 28, 1976, while the House did not. If this is the “action” the question refers to as we assume, then it does not contravene Section 53, which provides:
“Sec. 53. Each house shall have power to determine the rules of its proceedings, and to punish its members and other persons, for contempt or disorderly behavior in its presence; to enforce obedience to its processes; to protect its members against violence or offers of bribery or corrupt solicitation; and, with the concurrence of two-thirds of the House, to expel a member, but not a second time for the same offense; and the two Houses shall have all the powers necessary for the Legislature of a free State.”
Opinion of the Justices No. 185, 278 Ala. 522, 179 So.2d 155 (1965), strengthens this view.
The third question posed is—
“3) Does any action by the Senate on what it determines to be the Twenty-fourth Legislative Day, to wit, July 28, 1976, contravene Section 63 of the Constitution of 1901?”
Again, we must observe that the question as posed is legal in nature and not constitutional. Although we have said we assume (in order to answer the question) that the Senate did meet on Wednesday, July 28, 1976, we cannot say what legislative day it was. See Opinion of the Justices, 288 Ala. 89, 257 So.2d 336 (1972), in which we were confronted with a similar question as to what legislative day it was. We answered that
“We are unable to state the number of the legislative day on January 20 because the resolution and exhibits attached thereto do not show what numbered legislative day January 19, 1972, was.” Section 63 of our Constitution provides:
“Sec. 63. Every bill shall be read on three different days in each House, and no bill shall become a law unless on its final passage it be read at length, and the vote to be taken by yeas and nays, the names of the members voting for and against the same be entered upon the Journal, and a majority of each House be recorded thereon as voting in its favor, except as otherwise provided in this Constitution.”
We fail to see any contravention of this section by the “action” of the Senate in meeting on Wednesday, July 28,1976, if, as we assume, it did so meet.
We perceive the fundamental issue which is posed by your questions is whether there is any conflict between the two resolutions, namely Senate Joint Resolution 13, Act No. 25, Third Special Session, Acts of Legislature 1975, Yol. 1, p. 248, and House Substi *166 tute Resolution to Senate Joint Resolution 93.
If there is no conflict, then must the Senate and House continue to meet on Tuesdays and Thursdays as Act No. 24, S.J.R. 13 requires? If there is a conflict, did the passage of House substitute Resolution and its repealer provisions repeal S.J.R. 13?
As we have already pointed out, resolution of the issues you pose are questions of law not of constitutional construction and we are not authorized to answer the same.
In respectfully submitting this opinion, we think it not amiss to call the House’s attention to the following quotation from In re Opinions of the Justices, 216 Ala. 545, 546, 113 So.2d 621 (1927), quoted with approval in Opinion of the Justices, 288 Ala. 89, 257 So.2d 336 (1972):
“ ‘It is clear, also, that on any day within the period of constitutional limitation, over which there has been no adjournment by the joint or concurring action of both houses, either house may be in lawful session, and may transact all legislative business properly brought before it, even though the other house chooses not to be in session, and has in fact adjourned over. Cushing’s Law and Practice of Legislative Assemblies, p. 206, § 511; State ex rel. Adams v. Hillyer, 2 Kan. 17, 28.’
“ ‘[2] In such a ease, a session by either house — the other house not sitting— makes a legislative day, to be deducted from the 50 days allowed by the Constitution. This conclusion seems obvious, and is not impugned, but rather confirmed, by section 58 of the Constitution, supra, which permits either house to separately suspend its own labors by its own separate adjournment for a period of three days, without the consent of the other house.’ In re Opinion of the Justices, 216 Ala. 545, 546, 113 So. 621, 622.”
In closing, we wish to note that we have answered your inquiries as quickly as possible notwithstanding we were thus limited by time in our research and study. Our response is, of course, directed only to those constitutional provisions to which you referred, as is the practice.
Respectfully submitted,
HOWELL T. HEFLIN, Chief Justice
JAMES N. BLOODWORTH
JAMES H. FAULKNER
RENEAU P. ALMON
ERIC EMBRY Associate Justices