# Likins's Petition (No. 2).

*Constitutional law—Special session of legislature—Proclamation of governor—Act of March 5, 1906, P. L. 78.*

1. In construing art. III of the governor's proclamation of January 9, 1906, convening an extra session of the legislature, the courts are to view it as the members of the general assembly were warranted in viewing it, that is, in the light of the whole document together with the earlier proclamation of November 11, 1905, under which the general assembly was specially convened with a view to legislation on this and other specified subjects.

2. Although a governor who has decided to convene a special session of the legislature is empowered to proclaim, to indicate, to designate the subjects for legislative consideration at such session, he cannot by his proclamation, any more than he can by his message to the same body when in regular session, prescribe or limit the manner in which, or the extent to which the legislature may dispose of those subjects, which he designates in his proclamation as matters for legislative consideration. He may by proclamation in the one case, as message in the other, suggest the lines along which in his judgment the lawmaking body could most wisely or effectively operate. Such recommendations are in no wise restrictive of the legislative power. When, therefore, the governor, by his proclamation, couched in such language as he may select, has fairly indicated to the legislators and the people, a general subject for legislative consideration, the legislature, in special session, may lawfully deal with that subject as fully and completely as at a regular session.

3. Article III of the supplemental proclamation of the governor of January 9, 1906, is sufficiently broad to cover the portions of the Act of March 5, 1906, P. L. 78, known as the corrupt practice act, which provides that candidates as well as managing committees and managers of

political parties shall file statements of moneys collected and expended in political campaigns for nominations and elections.

Argued Feb. 1, 1909. Appeal, No. 1, Jan. T., 1909, by W. M. Likins et al., from judgment of Superior Court, April T., 1909, No. 8, reversing order of Q. S. Fayette Co., Dec. T., 1907, No. 284, dismissing petition of W. M. Likins et al., for audit of the account of John Q. Van Swearingen. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Appeal from Superior Court.

The opinion of the Superior Court by ORLADY, J., was as follows:

This is a companion case to In re Account of John R. Byrne, treasurer, etc., in which an opinion is filed this day, and is similar to it, except that this is an application for an audit of the account of John Q. Van Swearingen, who was a candidate for the office of judge of the court of common pleas, etc., of Fayette county; and was elected at the general election held November 5, 1907, and who on December 4, 1907, filed with the clerk of the court of quarter sessions of the county a detailed account of money contributed, received and disbursed by him for election expenses, etc., as required by the Act of March 5, 1906, P. L. 78.

Five qualified electors petitioned the court to appoint an auditor, etc., as required by sec. 9 of the act, and after hearing on motion to quash, etc., the court below held the act to be unconstitutional for the reason that it was in conflict with sec. 25 of art. III of the constitution, in that the provisions of the act relating to the filing and review of accounts filed by candidates are not sufficiently designated in the proclamation of the governor calling the special session at which this act was passed.

Under the facts in the Byrne case, we held the act to be constitutional, and the reasons therein given apply in large measure to this one, so that it is not necessary to recount them here.

Item third in the second proclamation of the governor is as follows: "To designate the uses to which moneys may be applied by candidates, political managers and committees in po-

litical campaigns, both for nominations and elections, and to require the managing committees and managers of all political parties to file with some designated official at the close of each campaign a detailed statement in writing, accompanied by affidavits, of the accounts collected and the purposes for which they were expended."

In the analysis of this item of the proclamation we are to view it as the members of the general assembly were warranted in viewing it, that is, in the light of the whole document, together with the earlier proclamation of November 11, 1905, under which the general assembly was specially convened with a view to legislation on this and other specified subjects.

It is urged that the third item in this proclamation contains two subjects; or at least a principal and a sub-subject; for the purposes of this case, conceding this to be the fact, yet, the reason for the constitutional mandate prohibiting legislation on any subjects at a special session save those designated in the proclamation of the governor is fairly apparent. The purpose was that the legislators thus unusually summoned and the public at large should be advised as to the general character of the legislation that could or might be constitutionally enacted at such special session. Although a governor who has decided to convene a special session of the legislature is empowered to proclaim, to indicate, to designate, the subjects for legislative consideration at such session, he cannot by his proclamation, any more than he can by his message to the same body when in regular session, prescribe or limit the manner in which or the extent to which the legislature may dispose of these subjects, which he designates in his proclamation as matters for legislative consideration. He may by proclamation in the one case, as by message in the other, suggest the lines along which, in his judgment, the lawmaking body could most wisely or effectively operate. Such recommendations are in nowise restrictive of the legislative power. When, therefore, the governor, by his proclamation, couched in such language as he may select, has fairly indicated to the legislators and the people a general subject for legislative consideration, the legislature in special session may lawfully deal with that subject as fully and completely as at a regular

session. It is practically conceded that if the proclamation had stopped at what is called by the appellees, the first clause of "Item Third: To designate the uses to which moneys may be applied by candidates, political managers and committees in political campaigns, both for nomination and elections," the legislature would have fairly and properly before it the whole subject of the uses of money in political campaigns, and the . legislation that followed would have been in this respect constitutional. Certain uses of money, expended by certain classes of persons or organizations, could have been declared lawful; other uses by other classes of organizations could have been prohibited, and the primary commands of the law could have been surely made effective by an enactment for the filing, auditing and publishing of accounts by those authorized to expend money, and the punishment of those who violated the legislative prohibition. But it is argued, because, in the language following the suggested first clause referred to, the governor speaks of the filing of accounts, and in that connection mentions only "managing committees and managers of political parties" and not candidates, he thereby cut down the dimensions of the subject previously designated, and limited the legislative power so that it could not lawfully prescribe or require the filing of any account by any person or body not specifically mentioned, described or designated in the proclamation. If this construction be sound, the governor has succeeded in practically strangling before its birth the very offspring he hoped to call into being through the efforts of the legislature he was summoning. The candidates are the persons most interested in the results of political campaigns, and if they may expend money at will, without being required to make public the nature and extent of their expenditures, the requirement that such accounts must be filed only by "managing committees and managers" who might neither gather nor expend any money, would simply divert the course of the stream into a channel whence it would flow unvexed by any construction or supervision, so that this legislative attempt to prevent the pollution of the ballot box would be destitute of sense or significance.

It is necessary that the subject be sufficiently designated

in the proclamation to bring about intelligent and responsive action by the assemblymen. It is not required by the constitution that the subject be as clearly expressed in the proclamation as in the title to an act, nor is it required that the details by which the desired results may be accomplished be stated in the call, as this is necessarily a brief suggestion of a subject in such words so as reasonably to direct to it the attention of the legislative mind. This accomplished, the purpose of the constitution is fulfilled and the mission of the call is ended.

In this item the designated subject was the lawful and unlawful use of money in political campaigns; the tribunal for ascertaining the sources from which moneys are obtained and the method of their disbursement; the uses to which moneys might be applied "by candidates, political managers and committees in political campaigns, both for nomination and elections." The machinery to be adopted in supervising and restraining its improper use; and—for legislative deliberation and conclusion,— many cognate provisions for remedying existing evils, through appropriate restrictions and penalties, all these were but details reasonably to be anticipated and resulting from the designated subject. Even if the individual, whether he be candidate, manager or committeeman, should have notice equivalent to the members of the general assembly, of the designated subject for intended legislation, each would see in the proclamation, that he is in the designated class of persons in regard to which the prospective legislation is requested.

The executive and legislative departments are designed to work to a common purpose in order to enact effective legislation. The result of this notice "to consider, with a view to legislation" on this designated subject is the act before us.

In so far as the question involved in this case is concerned, the designation of the subject in the proclamation is sufficient and the same subject being clearly expressed in the title to the act, the order of the court below is reversed, and the record remitted to the court below with a procedendo.

RICE, P. J., PORTER and HENDERSON, JJ., dissenting:
We will merely state the grounds upon which we differ from

the majority, without elaboration. We are of opinion that the legislation, so far as it relates to filing accounts by candidates, is not within the subject designated by the governor; in other words, the subject of filing accounts as designated by the governor, is expressly restricted to managing committees and managers of political parties. If this construction of the proclamation leads to a result which deprives the act of a beneficial feature the remedy is with the legislature.

*Error assigned* was the judgment of the Superior Court.

*George Patterson* and *Sterling, Higbee & Dumbauld* for appellant.

*M. H. Stevenson* and *L. L. Minor,* for appellee.

PER CURIAM, February 15, 1909:

The majority of the court are of opinion that the order appealed from should be affirmed on the opinion of the Superior Court.