## STATE *ex rel.* POPE, *Co. Atty.,* v. TILLOTSON.

No. 6056.  Opinion Filed September 22, 1914.

(143 Pac. 200.)

1.  **OFFICERS—Special Enforcement Officer—"Public Office."** The office of special enforcement officer, provided for in section 15, c. 70, Sess. Laws 1910-11, comes within the definition of a public office.

2.  **STATUTES—Enactment—Submission to Special Session—Message of Governor.** As a part of his message to the special session of the Legislature of 1913, the Governor said: "In my message submitted to you at the opening of this special session, I recommended the consolidation and elimination of certain local officials. Inasmuch as there has been expressed doubt on the part of some members of the Legislature as to whether or not this recommendation will permit the elimination of officers not specifically mentioned, I recommend to you that you pass such laws abolishing or consolidating offices and curtailing the number of appointees, assistants and deputies in local, county and state government as in your judgment may be in the interest of greater economy and more efficiency in government." **Held,** the subject of legislating relative to the office of special enforcement officer was sufficiently submitted to the Legislature (following **Riley v. State ex rel. McDaniel,** ante, 141 Pac. 264).

3.  **SAME—Enactment—Submission to Special Session—Message of Governor.** The action of the Governor vetoing an act of the Legislature of the general session, prior to the convening of the special session, the purpose of which act was to abolish the office of special enforcement officer, was insufficient to except the office of special enforcement officer from the subject submitted by the Governor's message.

4.  **OFFICERS—Special Enforcement Officer—Abolition of Office.** By section 1, c. 133, Sess. Laws 1913, it is provided: "That section 15, chapter 70, of the Session Laws 1910-1911 be, and the same is hereby repealed." **Held** that, by virtue of said repeal, the office of special enforcement officer was abolished.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Tom D. McKeown, Judge.*

*Quo warranto* by the state, on the relation of D. K. Pope, County Attorney of Oklahoma County, against J. A. Tillotson. Judgment for respondent, and relator brings error. Reversed.

*D. K. Pope,* Co. Atty., and *H. Y. Thompson,* Asst. Co. Atty. (*McAdams & Haskell,* of counsel), for plaintiff in error.

*Tillotson & Elliott* and *A. C. Hough,* for defendant in error.

RIDDLE, J. This proceeding is prosecuted from a judgment of the district court of Oklahoma county in a *quo warranto* proceeding, the purpose of which was to oust defendant in error as prohibition enforcement officer. The trial court, by its judgment, held that the office had not been abolished, and relator prosecutes error to this court. The cause was tried upon an agreed statement of facts. Among the points agreed upon and necessary to recite here are the following:

That at the special session of the Legislature, and on the 24th day of March, the Governor sent a message to the Legislature, under the caption of "Public Officers," and included in said message was the following:

"In my message submitted to you at the opening of this special session, I recommended the consolidation and elimination of certain local officials. Inasmuch as there has been expressed doubt on the part of some members of the Legislature as to whether or not this recommendation will permit the elimination of officers not specifically mentioned, I recommend to you that you pass such laws abolishing or consolidating offices and curtailing the number of appointees, assistants and deputies in local, county and state government as in your judgment may be in the interest of greater economy and more efficiency in government."

Pursuant to said message, the Legislature passed an act entitled "An act repealing section 15, chapter 70, of the Session Laws of Oklahoma 1910-1911," which section reads:

"The office of special enforcement officer is hereby established and created, for the purpose of enforcing the provisions of this act, where any peace officer of this state, whose duty it

480        SUPREME COURT OF OKLAHOMA.

State ex rel. Pope, Co. Atty., v. Tillotson.

is to enforce the provisions hereof, neglects, fails or refuses to
perform all the duties required by the provisions of this act.
The Governor is hereby authorized and empowered to appoint
and commission such special enforcement officer who shall have
the power and authority of sheriffs, throughout the state of Okla-
homa, for the enforcement of the prohibition laws of this state,
and shall, under the direction of the Governor, perform all the
duties herein conferred upon him. The salary of such special
enforcement officer shall not exceed the sum of five dollars
($5.00) per day and necessary expenses while in the perform-
ance of such duties, to be paid upon vouchers submitted under
oath and countersigned by the Governor."

It is further shown from the record that at the general ses-
sion, prior to the special session of the Legislature, an act was
passed, the purpose of which was to repeal section 15, c. 70, of
the Sess. Laws of 1910-11, but was vetoed by the Governor. The
law in question was passed over the Governor's veto at the special
session of the Legislature. The section of the act which it is
claimed abolished the office of enforcement officer is section 1,
c. 133, Sess. Laws 1913, which reads as follows:

"That section fifteen (15) of chapter seventy (70) of the
Session Laws of 1910-1911, be, and the same is hereby re-
pealed."

Article 6, sec. 7, of the Constitution, provides:

"The Governor shall have power to convoke the Legisla-
ture, or the Senate only, on extraordinary occasions. At extra-
ordinary session, no subject shall be acted upon, except such as
the Governor may recommend for consideration."

The question arises upon this record: Was the subject of
abolishing the state enforcement office submitted to the special
session of the Legislature? If legislation relative to this office
may fairly be held to be included in the Governor's message to
the Legislature, then the Legislature was authorized and had the
power to abolish said office. *Riley v. State ex rel. McDaniel,
ante*, 141 Pac. 264. It cannot be doubted that the office of special
enforcement officer, as created by section 15, c. 70, Sess. Laws
1910-11, *supra*, comes within the definition of a "public office."
29 Cyc. p. 1361. It probably was not the intention of the Gov-
ernor to have this office abolished, or that the authority and juris-

diction of such office should in any way be impaired by any act of the Legislature at this special session. The court, however, can ascertain the intent of the Governor only by looking to the language used in his message to the Legislature. This same rule must be followed in determining the authority of the Legislature in the premises. *In re Likins et al.,* 223 Pa. 468, 72 Atl. 862. There was no exception or reservation relative to this office in the Governor's message. Were it not for the fact that the Governor had, at the previous general session, placed his disapproval upon a similar act, attempting to abolish this office, and the fact of his veto of the act under consideration, there was nothing to indicate to the Legislature that it was the Governor's intention to except, from the subject submitted for legislation, this office.

We are of the opinion that the action of the Governor vetoing a similar act at the general session, and his action in vetoing the measure in question, could not have the effect to deprive the Legislature of their constitutional power by a two-thirds vote of the members elected to each House in enacting this measure into a law. *In re Governor's Proclamation,* 19 Colo. 333, 35 Pac. 530. We have but little doubt that a large per cent. of the members of the Legislature, by reason of the Governor's veto of the act of the former Legislature, and from other circumstances, were familiar with the Governor's views relative to retaining this office. But however this may be, after the Governor had submitted this message to the Legislature for their consideration, the members of that body were only required to look to it for subjects upon which to legislate. This being a legislative office, it must be admitted that the Legislature, at a regular session, without the recommendation of the Governor, would have had the power to pass the law which was enacted, abolishing the same. This proposition is not debatable. If we can look to the Governor's message, and, by giving the words their usual and ordinary meaning, can say that it is reasonably clear that this subject was submitted to the Legislature for their consideration, then it cannot be questioned that this body pos-

482 SUPREME COURT OF OKLAHOMA.

sessed the same power to enact any law pertaining to said office, to the extent of abolishing it, as the Legislature would have had when convened in regular session. Cooley's Const. Lim. p. 222; *In re Likins, supra.* While there may exist a feeling that the means of enforcing the prohibition laws have been greatly impaired by reason of repealing this law, suffice it to say the responsibility rests with the legislative department of the government. It was in its power to abolish the office; and it has exercised that power. The court can only construe and give effect to the will of the Legislature, when acting within the power granted by the Constitution, as expressed in plain language, as we find the law to be in this instance.

We are constrained to hold that by virtue of the act of the Legislature, as contained in chapter 133, Sess. Laws 1913, p. 290, which became effective by the constitutional two-thirds' vote of both Houses, after the Governor had placed his disapproval upon same, section 15, c. 70, Sess. Laws 1910-11, was repealed, and the office therein created was abolished.

Having reached the foregoing conclusion, the judgment of the trial court must be reversed.

All the Justices concur.