OPINION — AG — THE OKLAHOMA STATE BOARD OF VETERINARY MEDICAL EXAMINERS IS AUTHORIZED TO EMPLOY PERSONNEL TO ASSIST THE BOARD IN INVESTIGATING AND PROSECUTING ALLEGED VIOLATIONS OF THE OKLAHOMA VETERINARY PRACTICE ACT. CITE: 59 O.S. 1971 698.7 [59-698.7] (KAY KAREN KENNEDY) FILENAME: m0003278 DAVID L. BOREN GOVERNOR ATTORNEY GENERAL OF OKLAHOMA — OPINION JUNE 6, 1978 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA OPINION — AG — SECT. 62 OF THE WORKERS' COMPENSATION ACT (85 O.S. 1977 Supp., 1 [85-1] ET SEQ.) BY EXPRESSLY REPEALING 85 O.S. 1971 69.1 [85-69.1] EFFECTIVE JULY 1, 1978, ABOLISHES THE FIVE OFFICES OF STATE INDUSTRIAL COURT JUDGES ON THAT DATE, AND THE PRESENT INCUMBENTS OCCUPYING SUCH STATUTORY OFFICES HAVE NO VESTED RIGHTS IN CONTINUING IN THEIR OFFICES AS JUDGES OF THE STATE INDUSTRIAL COURT, WOULD PRECLUDE THE LEGISLATURE FROM ABOLISHING SUCH OFFICES. THE RIGHTS OF ANY PRESENT STATE INDUSTRIAL COURT JUDGES WITH RESPECT TO THE NEW SEVEN OFFICES OF WORKERS' COMPENSATION COURT JUDGES ARE GOVERNED BY THE TERMS AND PROVISIONS OF THE WORKERS' COMPENSATION ACT. ON THE EFFECTIVE DATE OF THAT ACT, JULY 1, 1978, POSITIONS SIX AND SEVEN ON THE WORKERS' COMPENSATION COURT WILL BE FILLED, BY THE OPERATION OF THE ACT ITSELF, WITH THE TWO PRESENT STATE INDUSTRIAL COURT JUDGES, WHOSE TERMS EXPIRE ON MARCH 14, 1979, AND THESE JUDGES WILL SERVE IN POSITIONS SIX AND SEVEN UNTIL MARCH 14, 1979. ON THE EFFECTIVE DATE OF THE ACT, POSITION FIVE ON THE WORKERS' COMPENSATION COURT WILL BE FILLED BY OPERATION OF THE ACT ITSELF, WITH THE PRESENT STATE INDUSTRIAL COURT JUDGE, WHOSE TERM EXPIRES ON MARCH 14, 1981, AND THIS JUDGE WILL SERVE IN POSITION FIVE UNTIL MARCH 14, 1981. ON THE EFFECTIVE DATE OF THE ACT, POSITIONS ONE, TWO, THREE AND FOUR ON THE WORKERS' COMPENSATION COURT WILL VACANT UPON CREATION AND ARE TO BE FILLED BY GUBERNATORIAL APPOINTMENT, AS PROVIDED IN 85 O.S. 1977 Supp., 1.2 [85-1.2] CITE: 85 O.S. 1971 69.1 [85-69.1], ARTICLE VII, SECTION 1, ARTICLE VII, SECTION 11 (R. THOMAS LAY) Filename: m0009244 David L. Boren, Governor, State of Oklahoma Attorney General of Oklahoma — Opinion June 6, 1978 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA WORKERS' COMPENSATION Section 62 of the Workers' Compensation Act (85 O.S. 1 [85-1] et seq. (1977)), by expressly repealing 85 O.S. 69.1 [85-69.1] (1971), effective July 1, 1978, abolishes the five offices of State Industrial Court Judges on that date, and the present incumbents occupying such statutory offices have no vested rights in continuing in their offices as Judges of the State Industrial Court, which would preclude the Legislature from abolishing such offices. The rights of any present State Industrial Court Judges with respect to the new seven offices of Workers' Compensation Court Judges are governed by the terms and provisions of the Workers' Compensation Act. On the effective date of that act, July 1, 1978, positions six and seven on the Workers' Compensation Court will be filled, by operation of the act itself, with the two present State Industrial Court Judges, whose terms expire on March 14, 1979, and these two Judges will serve in positions six and seven until March 14, 1979. On the effective date of the act, position five on the Workers' Compensation Court will be filled by operation of the act itself, with the present State Industrial Court Judge, whose term expires on March 14, 1979, and these two Judges, will serve in positions six and seven until March 14, 1979. On the effective date of the act, position five on the Workers' Compensation Court will be filled by operation of the act itself with the present State Industrial Court Judge, whose term expires on March 14, 1981, and this Judge will serve in that position five until March 14, 1981. On the effective date of the act, positions one, two, three and four on tile Workers' Compensation Court will be vacant upon creation and are to be filled by gubernatorial appointment, as provided for in 85 O.S. 1.2 [85-1.2] (1977). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. If it were so intended by the Workers' Compensation Act (85 O.S. 1 [85-1] et seq. (1977)), may the Legislature change the terms of office during the terms of the incumbent Judges of the State Industrial Court or do such Judges have vested rights in their terms of office that cannot be nullified by amendment to or repeal of the statute under which they were appointed or confirmed? 2. On the effective date of the Workers' Compensation Act, July 1, 1978, what will be the positions and terms of the Judges on the Workers' Compensation Court, who are now serving on the State Industrial Court? 3. On the effective date of the Workers' Compensation Act, July 1, 1978, what positions on the Workers' Compensation Court will be vacant and are to be filled by appointments? The Workers' Compensation Act was passed by the Legislature on June 7, 1977, and approved by the Governor on June 16, 1977. Section 64 of the act takes July 1, 1978, its effective date. The act makes substantial changes in the workers' compensation system, including the State Industrial Court. Section 2 of the act (85 O.S. 1.2 [85-1.2] (1977)) provides for a seven member Workers' Compensation Court, with judicial positions numbered one through seven. Appointments to each position are made by the Governor from a list of three nominees submitted by the Judicial Nominating Commission. Following expiration of a term, in order to be reappointed to the Court, an incumbent has to be one of the three nominees submitted by the Judicial Nominating Commission to the Governor. Section 62 of the act repeals numerous provisions of Title 85, including 85 O.S. 69.1 [85-69.1] (1971), which creates the five offices of State Industrial Court Judges. At the time of the act's passage and approval three Judges of the State Industrial Court were serving unexpired terms. The terms of two Judges of the State Industrial Court had already expired and these two Judges were holding over under Article XXIII, Section 10 of the Oklahoma Constitution. On .July 5, 1977, and on August 10, 1977, respectively, successors to the two holdover Judges began serving. These successors, having been appointed by the Governor, were confirmed by the Senate on June 7, 1977, and commenced serving on July 5, 1977, and August 10, 1977, which was subsequent to the passage and approval of the act, but prior to the effective date of the act. Title 85 O.S. 1.2 [85-1.2] (1977), provides in pertinent part as follows: ". . . Each judge of the Court shall be appointed to a designated numbered position on the Court. The positions shall be numbered one (1) through seven (7). The initial terms of the judges by position number shall expire on the following dates: "Position 1 shall expire 7-1-84. "Position 2 shall expire 7-1-84. "Position 3 shall expire 7-1-84. "Position 4 shall expire 7-1-82. "Position 5 shall expire 7-1-82. "Position 6 shall expire 7-1-80. "Position 7 shall expire 7-1-80. "Thereafter, each position shall be filled by a judge appointed to serve a six-year term. "Provided the judges serving unexpired terms on the State Industrial Court shall serve on the Workers' Compensation Court until their terms expire only as provided herein. The judges of the State Industrial Court whose terms expire March 14, 1979, shall serve in Positions 6 and 7 until that date, and the judge whose term expires March 14, 1981, shall serve in Position 5 until that date. Upon expiration of these terms, the Governor shall appoint judges to serve the remainder of the initial terms designated above. When a vacancy on the Court, however arising, occurs or is certain to occur or for initial appointments to the Court, the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court the names of three (3) persons for each appointment, each of whom has previously notified the Commission in writing that he will serve as a judge if appointed. The Governor shall appoint one of the nominees to fill the vacancy, but if he fails to do so within sixty (60) days, the Chief Justice of the Supreme Court shall appoint one of the nominees, the appointment to be certified to the Secretary of State." (Emphasis added) As can be seen from a reading of the foregoing statutory provision, the three Judges of the State Industrial Court serving unexpired terms at the time of the act's passage and approval, are expressly mentioned as serving in positions five, six and seven on the seven member Workers' Compensation Court. As stated above, the Workers' Compensation Act then goes on in Section 62 to expressly repeal 85 O.S. 69.1 [85-69.1] (1971), the statutory provision creating the five offices of State Industrial Court Judges, under which the present five Judges of the State Industrial Court were appointed. As pointed out below we do not view the effect of the Workers' Compensation Act as changing terms of office, but rather as abolishment of existing offices and creation of new offices. It is within this context, that the authority of the Legislature and the rights of incumbent officeholders will be examined. The Legislature, in 1949, Laws of 1949, page 652, created the State Industrial Commission composed of five Judges to be appointed by the Governor of the State of Oklahoma with the advice and consent of the Oklahoma State Senate. Ten years later in 1959, Laws of 1959, page 397, the Legislature officially designated the existing State Industrial Commission as the State Industrial Court and confirmed it as a court of record. Thus, the State Industrial Court is a creature of statute. See, Cities Service Gas Co. v. Witt, 500 P.2d 288
(1972). In 1967, a new Article VII of the Oklahoma Constitution, relating to the Judicial Department, was adopted by the people. Section 1 of that Article provides in its pertinent part as follows: "The judicial power of this State shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such other intermediate appellate courts as may be provided by statute, district courts, and such boards, agencies and commissions created by the Constitution or established by statute as exercise of judicative authority or rendered decisions in individual proceedings. Provided that the Court of Criminal Appeals, State Industrial Court, the Court of Bank Review and the Court of Tax Review and such boards, agencies and commissions as have been established by statute shall continue in effect, subject to the power of the Legislature to change or abolish said courts, boards, agencies or commissions. . . ." (Emphasis added) From a plain reading of Article VII, Section 1 of the Oklahoma Constitution, it is clear that the Legislature has the authority to either change or abolish the State Industrial Court. It is also clear from a reading of the Workers' Compensation Act that the Legislature intended to change the State Industrial Court and to repeal or abrogate the statutory provision under which the five offices of Industrial Court Judges were created. In Oklahoma, express repeal of a statute creating an office has the effect of abolishing the office, State v. Tillotson, 43 Okl. 478, 143 P. 200
(1914), and 5 Okl.Op.A.G. 243. Thus, express repeal of 85 O.S. 69.1 [85-69.1] (1971), by Section 62 of the Workers' Compensation Court has the effect of abolishing the five offices of State Industrial Court Judge. This is consistent with the universal legal principle that legislative power to create an office includes the power to abolish an office, 67 C.J.S. Officers, 10, at pages 120 and 121: "The governmental authority which possesses the power to create an office has, in the absence of some provision of law passed by a higher authority, the implied power to abolish such office, . . . Thus, in the absence of constitutional restriction, an office created by the Legislature can be abolished by it. . . ." In the present instance, there is not only an absence of a constitutional restriction on the Legislature, but express constitutional authority to change or abolish the State Industrial Court. Concerning the right of an incumbent in an office created by statute which is abolished by statute, it is held that when a statutory office is abolished the incumbent loses such rights as he has in the office, 67 C.J.S. Officers, 84. Likewise, in Kirkpatrick v. King, 91 N.E.2d 785 (Ind. 1950), it was held that public officers have no proprietary interest in their offices or any right of property in the prospective compensation attached thereto. Further, Article VII, Section 11 provides in pertinent part as follows: "Judges and Supreme Court Justices shall receive for their services salaries provided by statute. The salaries of judges and justices shall not be diminished but may be increased during their respective terms of office. . . ." (Emphasis added) The effect of such constitutional provision does not prevent the Legislature from abolishing an office created by the Legislature. Crawford v. Hunt, 17 P.2d 801 (Ariz. 1932); and 67 C.J.S. Officers, 95, at pages 343 and 344. It should further be pointed out that the abolition of an office, in order to be valid, must be effected by the Legislature in good faith and must not be done under a pretense as a device to remove a particular incumbent, 67 C.J.S. Officers, 10; see also State ex rel. Hammond v. Maxfield, 132 P.2d 660
(1942). In the present instance, the three incumbent Judges of the State Industrial Court serving unexpired terms at the time of the act's passage and approval are placed by the act in positions five, six and seven on the Workers' Compensation Act. The other two present incumbent Judges of the Industrial Court did not commence serving until after the act's passage and approval, and thus, they were not incumbents at the time of the act's passage and approval. We, therefore, must presume that the Legislature acted in good faith upon the facts and circumstances existing at that time. Based on the foregoing, it would follow that: 1. The Legislature has authority to abolish the five offices of Judges of the State Industrial Court; 2. By express repeal of 85 O.S. 69.1 [85-69.1] (1971), effective July 1, 1978, such offices are abolished on that date; and 3. The present incumbent State Industrial Court Judges have no vested rights in their offices as State Industrial Court Judges. Concerning your second question, the rights of any present incumbent State Industrial Court Judge with respect to the new offices of Workers' Compensation Court Judges, are governed entirely by the terms and provisions of the Workers' Compensation Act, which creates such new offices. In this regard, as pointed out previously, Section 2 of the act, 85 O.S. 1.2 [85-1.2] (1977), provides that the two Judges serving unexpired terms on the State Industrial Court, whose terms expire on March 14, 1979, shall serve in positions six and seven on the Workers' Compensation Court until that date, i.e. March 14, 1979; and that the Judge would have served as Judges of the State Industrial Court if such term expires on March 14, 1981, shall serve in position five on the Workers' Compensation Court until that date, i.e. March 14, 1981. These terms coincide exactly with the terms such Judges would have served as Judges of the State Industrial Court if such offices were not abolished, effective July 1, 1978, and upon their expiration, 85 O.S. 1.2 [85-1.2] provides that the Governor shall appoint successors in the manner prescribed in that section to serve the remainder of the initial terms designated in that section. Thus, such successors to positions six and seven would serve for a little more than a year until July 1, 1980, and the successor to position five would serve for a little more than a year until July 1, 1982. Concerning your third question, except for positions five, six and seven on the Workers' Compensation Court which are initially filled by the express language of 85 O.S. 1.2 [85-1.2] (1977), creating such positions or offices, the Workers' Compensation Act does not, itself, fill any other positions on that Court. The effect of this is stated in the case of State v. Breckinridge, 34 Okl. 649, 126 P. 806 (1912), which held that a new office not filled by the legislative act creating it becomes vacant upon its creation. This same rule is enunciated in 67 C.J.S. Officers, 50b, at pages 210 and 211: "A newly created office which is not filled by the legislative act creating it and for which no provision is made by the act for filling it, becomes vacant on the instant of its creation, and remains so until it is filled by an incumbent; . . ." Thus, on the effective date of the Workers' Compensation Act, July 1, 1978, positions one, two, three and four on the Worker's Compensation Court will be vacant upon the instant of their creation and will remain so until filled by appointment as prescribed in the act. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Section 62 of the Workers' Compensation Act (85 O.S. 1 [85-1] et seq. (1977)), by expressly repealing 85 O.S. 69.1 [85-69.1] (1971), effective July 1, 1978, abolishes the five offices of State Industrial Court Judges on that date, and the present incumbents occupying such statutory offices have no vested rights in continuing in their offices as Judges of the State Industrial Court, which would preclude the Legislature from abolishing such offices. The rights of any present State Industrial Court Judges with respect to the new seven offices of Workers' Compensation Court Judges are governed by the terms and provisions of the Workers' Compensation Act. On the effective date of that act, July 1, 1978, positions six and seven on the Workers' Compensation Court will be filled, by operation of the act itself, with the two present State Industrial Court Judges, whose terms expire on March 14, 1979, and these two Judges will serve in positions six and seven until March 14, 1979. On the effective date of the act, position five on the Workers' Compensation Court will be filled by operation of the act itself, with the present State Industrial Court Judge, whose term expires on March 14, 1981, and this Judge will serve in position five until March 14, 1981. On the effective date of the act, positions one, two, three and four on the Workers' Compensation Court will be vacant upon creation and are to be filled by gubernatorial appointment, as provided for in 85 O.S. 1.2 [85-1.2] (1977). (R. THOMAS LAY)