# Brittain, Appellant, *v.* Monroe County.

*Change of venue—County—Local prejudice—Local interest—Interest of judge—Act of March 30, 1875, P. L. 35.*

Where in an action a county is defendant, and the plaintiffs file an affidavit "that local prejudice exists, and that a fair trial cannot be had in said county," the court is bound to make an order changing the venue. If the petitioners aver that a large number of the inhabitants of the county have an interest in the question involved, adverse to the plaintiffs, it is the duty of the court to hear testimony in order to ascertain the truth of that averment in the petition.

The fact that the president judge is a property owner and taxpayer in

a county which is a party defendant in a suit, does not make him "personally interested in the event of such cause, or in the question to be determined thereby," within the meaning and intent of paragraph 1 of section 1, of the Act of March 30, 1875.

Argued March 5, 1906.   Appeal, No. 277, Jan. T., 1905, by plaintiffs, from order of C. P. Monroe Co., Dec. T., 1904, No. 18, discharging rule to change venue in case of A. R. Brittain and Frank Reeder and Geo. F. Coffin, trading as Reeder & Coffin, v. Monroe County.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.   Reversed.

Rule for change of venue.
The opinion of the Supreme Court states the case.

*Error assigned* was order discharging rule to change venue.

*Frank Reeder*, of *Reeder & Coffin*, with him *A. R. Brittain*, for appellant.—The admission of any evidence tending to contradict the allegation that local prejudice exists, was objected to on the part of the applicants, and in overruling such objection the court was clearly in error.

The president judge was an interested party within the meaning of the act: Wright v. Crump, 2 Lord Raymond, 766; Cottle's App., 22 Mass. 483; Sigourney v. Sibley, 38 Mass. 101; Pearce v. Atwood, 13 Mass. 324; Clark v. Lamb, 84 Mass. 396; Heilbron v. Campbell, 23 Pacific Repr. 122; Regina v. County of Wilts, 6 Mod. 307; Kendall v. City of Albia, 73 Iowa, 241 (34 N. W. Repr. 833); Willoughby v. R. R. Co., 203 Pa. 243; Meyer v. San Diego, 121 Cal. 102 (53 Pac. Repr. 434); Wetzel v. State, 5 Tex. Civ. App. 17 (23 S. W. Repr. 825).

*Harvey Huffman*, with him *W. B. Eilenberger*, for appellee, cited: Newlin's Petition, 123 Pa. 541; Philadelphia v. Ry. Co., 143 Pa. 444; Minneapolis v. Wilkin, 30 Minn. 140 (14 N. W. Repr. 581).

OPINION BY MR. JUSTICE MESTREZAT, April 9, 1906:

In an opinion handed down herewith in Little v. Wyoming County, ante, p. 596, we have pointed out the proper practice in

applications for change of venue in civil cases under the Act of March 30, 1875, P. L. 35. Under that decision, the applicants in this case brought themselves within paragraph four of section one of the act, and were therefore entitled to a change of venue. That paragraph requires the court to order a change when the opposite party is a county, and "it shall appear by the oath of the party desiring such change of venue, that local prejudice exists, and that a fair trial cannot be had in such county." Here the defendant was the county of Monroe, and the plaintiffs each filed an affidavit "that local prejudice exists and that a fair trial cannot be had in said County." The plaintiffs having complied with this provision of the statute, the learned judge should have entered an order changing the venue.

The court below was clearly right in hearing evidence in support of and against the allegations in the petition that "a large number of inhabitants of Monroe county in which such cause is pending have an interest in the question involved therein, adverse to the plaintiffs." By this averment, the petitioners sought to bring their application within paragraph five of section one of the act. Section two empowers the court to change the venue only when "satisfied of the truth of the facts alleged" in the petition. It was, therefore, the duty of the court to ascertain the truth of the averment in the petition, that a large number of the inhabitants of the county have an interest in the question involved adverse to the applicants, and as to this fact the court was not compelled to accept as conclusive the affidavits of the applicants. Both parties should have been afforded an opportunity to produce testimony from which the court could determine the truth of the averments contained in the petition.

While the testimony offered by the county to show that no local prejudice existed was clearly incompetent and irrelevant, the objection to its admission, made by counsel of the applicants, "because under the act of 1875 there is no provision made for taking such testimony," was clearly untenable. The act requires the court to be "satisfied of the truth of the facts alleged," and, as we have just pointed out, the court may direct testimony to be taken to enable it to ascertain the facts. But the existence of local prejudice as a ground for changing the

venue under paragraph four is, as we have seen, directed by the act to be made to appear by the oath of the party.    Hence, when the applicant makes oath that local prejudice exists it is conclusive on the court.

We are clearly of opinion that the fact the president judge was a property owner and taxpayer did not make him " personally interested in the event of such cause, or in the question to be determined thereby," within the meaning and intent of paragraph one of section one of the act of 1875.    The word " personally " is used in the act to denote a direct and immediate private interest as distinguished from an interest which the judge and other citizens have in public affairs resulting from liability to taxation.    The fact that the word "interested " is thus qualified shows that it was not every interest however trifling or insignificant which the judge might have that would bring a case within the statute, but only such interest as was personal to himself and direct and immediate in its effect. The interest of a taxpayer is indirect and contingent and is entirely too remote to be " personal " within the meaning of this statute.    As said by Mr. Justice McFarland in Meyer v. San Diego (Cal.), 41 L. R. A. 762, in declaring the interest of a judge by reason of his being a taxpayer insufficient to warrant a change of venue : " The interest is too shadowy, indirect, remote and contingent to be within the rule that a man cannot be a judge in his own case."    The act of 1875 has been in force for thirty years and so far as the reported decisions of the courts show there has been but a single application for a change of venue on the ground that the judge was a taxpayer, and in that case the application was refused.    This shows the interpretation put on the statute by the profession thoughout the state.    To sustain the contention of the appellants and hold the judge disqualified to sit because he is a taxpayer of the county would, as the court below suggests, prevent " the judge from taking part in the confirmation of road and bridge views, selection of jurors, appointment of viewers, fixing township and county lines, appeals from auditors' settlements, appeals by poor districts, mandamus proceedings for ousting officials, ad libitum."    It would thus interfere with and greatly retard the administration of justice, as all such litigation would have to be adjudicated in another district.    A construction of

the act which would produce such a result is not to be favored, and we think was not in the legislative mind when the statute was passed.

It appearing that the applicants for a change of venue had brought themselves within the provisions of the fourth paragraph of section one of the act of assembly, the sixth assignment of error is sustained and the order discharging the rule for a change of venue is reversed with directions to the court below to grant the change of venue as prayed for.