*701 To the Honorable Speaker and Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
We are in receipt of House Resolution No. 20 requesting an advisory opinion regarding House Bill No. 126. Pertinent portions of H.R. 20 read:
“(a) H.B. 126 is a bill to grant pay increases to teachers and certain other employees of the public education system of this state.
“(b) The question has arisen as to whether or not it is constitutional and/or legal for House members who are employed by the public education system in this state, or whose spouses are employed by the public education system, to vote on H.B. 126.
“(c) A similar question arose earlier this year during the 1985 Regular Session of the Alabama Legislature and the Alabama Ethics Commission rendered its ‘Advisory Opinion No. 936’ in which it advised that such House members could not vote on bills granting pay increases to public education employees. This opinion appears to be in conflict with ‘Advisory Opinion No. 530/ July 22, 1981, by the Ethics Commission.
“The specific questions we present to Your Honors are as follows:
“(1) Would a person employed in public education paid from the Education Appropriations Act, or who has a spouse so employed and paid, and who is a member of the Alabama Legislature have such a personal or private interest in H.B. 126 ... that his/her voting on H.B. 126, a general education pay raise bill affecting 85,000 or more school employees, [would] violate the provisions of Section 82 of the Constitution of Alabama?
“(2) Would a vote by a member of the House of Representatives, who is employed by the public education system of this state or whose spouse is so employed, on H.B. 126 be permissible, any statute to the contrary notwithstanding, because to hold otherwise would deny the citizens of the affected legislative districts representation under the provisions of the state and federal Constitutions guaranteeing citizens equal protection and representation in the state Leg: islature?
“(3) Would a vote by a member of the House of Representatives, who is employed by the public education system of this state or whose spouse is so employed, on H.B. 126 violate Section 36-25-5(a), Code of Alabama 1975, which reads as follows:
“ ‘(a) no public official or employee shall use an official position or office to obtain direct personal financial gain for himself, or his family, or any business with which he or a member of his family is associated unless such use and gain are specifically authorized by law.’
“or
“(b) [sic] Is such a vote covered by the exception contained in Section 36-25- *702 5(b), Code of Alabama 1975, which reads as follows:
“ ‘(b) Unless prohibited by the Alabama Constitution, nothing herein shall be construed to prohibit a legislator from introducing bills and resolutions, serving on committees or from making statements or taking action in the exercise of his legislative duties.’ ”
It is not necessary for us to set out any of the provisions of H.B. 126. Suffice it to say that it is a comprehensive bill to give pay raises to all public school teachers, educational support personnel, school bus drivers, and junior and technical college personnel. The question presented, at least in questions (1) and (3) above, is whether a legislator who receives compensation, or whose spouse receives compensation, for work in one of these occupations, is prohibited from voting on H.B. 126.
Code 1975, § 12-2-10, allows the governor or either of the houses of the legislature to obtain the opinion of the Justices of this Court, or a majority of them, “on important constitutional questions.” Because question (1) raises an important constitutional question regarding a pending bill, we shall proceed to address it.
Section 82 of the Constitution of 1901 reads as follows:
“A member of the legislature who has a personal or private interest in any measure or bill proposed or pending before the legislature, shall disclose the fact to the house of which he is a member, and shall not vote thereon.”
The only citation to this section which our research has revealed is in Hall v. Blan, 227 Ala. 64, 68, 148 So. 601, 603 (1933), which makes only a passing reference to Section 82. Hall v. Blan was overruled in Hart v. deGraffenreid, 388 So.2d 1196 (Ala.1980).
A number of states have similar or virtually identical provisions in their constitutions, and all interpretations of such provisions which have come to our attention establish that the intent is to prevent only votes on bills which affect a legislator individually or as a member of a small class, not votes on bills which affect the legislator equally with other members of a large class.
For example, the Kentucky Supreme Court has interpreted Section 57 of the Kentucky Constitution, which is virtually identical to Section 82 of the Alabama Constitution, as allowing legislators who are veterans to vote on a bill proposing a bonus for veterans. The court observed:
“[I]t is clear to us that the veteran members of the legislature had no ‘personal or private interest’ in this legislation.
“In Webster’s New International Dictionary, the terms ‘personal’ and ‘private’ are defined as particularly relating to individuals as opposed to that which is ‘public or general.’
“The proposal presented to the legislature involved a broad classification of a substantial segment of the public. Though veterans in the legislature might anticipate that someday they would benefit from this legislation, such benefits were not private or personal, but were benefits to be received as members of a class.
“In the sense that veterans voting on this bill might eventually realize a pecuniary benefit (or a detriment) a great mass of legislation involves the same aspect, and the qualifications of the legislators to vote thereon have never been questioned. For example, all tax legislation must necessarily affect the interest of each and every legislator. This would be particularly true with respect to exemptions when particular legislators might by reason of their tax position be substantially benefited. The same is true with respect to insurance legislation. As to those members who are lawyers, the same would be true concerning legislation involving the practice of law. Under almost any act of the legislature, each member of the General Assembly would stand to benefit or suffer a detriment depending upon whether or not he fell within the class of those persons affected. The wheels of government would stop if legislators could not vote *703 on matters in which they necessarily have a remote personal interest by reason of being a member of the public.
“The parties do not cite, nor have we been able to find in our own research, any significant decided cases upon this question. We believe, however, that section 57 must be construed as restricting the right to vote only [as] to those members who have a peculiar special interest in legislation which will affect them in a manner differently from the public or a proper classification of members of the public.”
332 S.W.2d at 260.
Advisory Opinion No. 530 of the Alabama Ethics Commission quotes pertinent and persuasive authorities construing such prohibitions regarding legislators voting on bills in which they have a personal or private interest. Among these is an opinion of the Attorney General of Delaware which includes the following observations:
“It has been held by the courts, that for an interest to be ‘personal or private’ it must be a direct and immediate interest. See Brittain v. Monroe County, 214 Pa. 648, 63 A. 1076 (1906); and, Wilson v. City of New Castle, 301 Pa. 358, 152 A. 102 (1930). Generally, the cases in this area have dealt with a situation where the legislator is the direct beneficiary of a contract or special award to him individually, rather than a general or public award made to everyone in a certain class. It would appear that the constitutional sanction is directed against that interest which accrues to a legislator alone or to a very small group of which he is a part.

“... [T]he trend of the law in this area would indicate that a teacher may vote on a bill which would give a pay increase to all the teachers in the state. The distinction to be made is that between a personal, private interest and a collective interest or one shared with other members of a large group.”
Another source cited in Opinion No. 530 is Advisory Opinion No. 79-14 of the Connecticut Ethics Commission, interpreting a code provision prohibiting a public official from having “any interest, financial or otherwise ... which is in substantial conflict with the proper discharge of his duties_” The Connecticut Ethics Commission ruled that
“A General Assembly member who is a teacher does not have an interest which is in substantial conflict with the proper discharge of his duties ... so long as any benefit or detriment arising from the legislation accrues to him as a teacher to no greater extent than any other member of the teaching profession.”
(Emphasis in original.)
Finally, Advisory Opinion No. 530 quotes two passages to like effect from law review articles:
“An interest on the part of a public officer which is common to all persons similarly situated does not constitute a prohibited interest.”
Kennedy and Beck, Interest of Public Officers in Contracts Prohibited by Law, 28 S.Cal.L.Rev. 335, at 342 (1955); and
“Typically, no conflict would arise if the legislator voted upon legislation establishing tax rates, utility rates, or licensing fees. Although this type of legislation would affect the individual legislator personally, it would affect him in the same manner as the entire community and hence would not be an illegal conflict of interest.”
Note, Conflicts of Interest of State and Local Legislators, 55 Iowa L.Rev. 450 at 451 (1969) (citations omitted).
In Advisory Opinion No. 936, the Alabama Ethics Commission reached the opposite conclusion with no analysis or citation of authority, but only the conclusory statement that “The wording of salary bills leaves no doubt but that [educator legislators] or their spouses would receive direct personal financial gain by the passage of the legislation.”
The conclusion is inescapable that the phrase “personal or private interest” in Section 82 means an interest affecting the *704 legislator individually or as a member of a small group. Under the construction that this language meant any financial interest, every legislator would have a personal interest in many bills. Should a legislator be prohibited from voting on a tax reduction bill because the legislator pays taxes? Should a legislator who is a bank officer be prevented from voting on a bill affecting interest rates? Should a legislator who owns real property be prohibited from voting on ad valorem taxation? These and similar hypotheticals show why Section 82 cannot reasonably be construed to prevent legislators from voting on any bills which will benefit them financially without regard to how many other persons similarly situated will similarly benefit.
Most legislators have other occupations which they continue after they are elected. As H.R. 20 states, “the occupation of members of the House was an issue in many of the campaigns leading to their election.” As the Alabama Ethics Commission itself said in 1981 in Advisory Opinion No. 530:
“The present legislators come from many and varied occupational and professional groups. They campaign openly in their districts with the overwhelming majority of the voters fully aware of the manner in which they earn a living. Voters who elect an educator, whether a teacher or administrative employee, must be aware that their newly-elected representative or senator will confront an education budget. If the voters did not wish that candidate to vote on the education budget because of his professional background, then the proper course of action would be to elect his opponent. Of course, the educator-legislator is not expected to come to the legislature with a bill which would increase his income to the exclusion of all others in his chosen field. The reasonable expectation is that his vote will be cast for the public good rather than for his own narrow, restricted private interest.”
The above rationale is sufficient to answer question (1), that it is constitutional for an educator/legislator to vote on a pay raise for teachers, at least so long as the bill does not affect the legislator in a way different from the way it affects the other members of the class to which he belongs.
As to question (3), we decline to answer because it raises a question of construction' of a statute which has already passed the legislature, not the constitutionality of pending legislation. See Opinion of the Justices No. 231, 342 So.2d 916 (Ala.1977); Opinion of the Justices No. 228, 336 So.2d 164 (Ala.1976); Opinion of the Justices No. 212, 291 Ala. 581, 285 So.2d 87 (1973). We note, without deciding, however, that our analysis above would appear to apply to “direct personal financial gain” in § 36-25-5(a), and that “taking action in the exercise of his legislative duties” in § 36-25-5(b) would appear to include voting. See also, Underwood v. State, 439 So.2d 125 (Ala.1983).
Because we find no violation of Section 82 of the Constitution and because we are of the opinion that the educator legislators may vote on H.B. 126, we need not answer question (2).
Respectfully submitted,
C.C. TORBERT, Jr.
Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RICHARD L. JONES
RENEAU P. ALMON
SAM A. BEATTY
OSCAR W. ADAMS, Jr.
Justices